420 So.2d 564 (1982)
Joe TAYLOR
v.
UNITED STATES FIDELITY & GUARANTY CO., et al.
No. 53456.
Supreme Court of Mississippi.
October 13, 1982.
William B. Sullivan, Laurel, for appellant.
Harold W. Melvin, Patricia Melvin, Laurel, for appellees.
Before SUGG, BROOM and BOWLING, JJ.
BROOM, Justice, for the Court:
Wrongful refusal to pay certain workmen's compensation benefits is asserted as basis of Joe Taylor's (plaintiff's) tort suit against United States Fidelity and Guaranty Company (USF & G) and James Williams and John Grove, agents and employees of USF & G. The declaration, filed in the Circuit Court of the Second Judicial District of Jones County, alleged that plaintiff Taylor suffered an injury covered by Workmen's Compensation while he was employed by Luther McGill, Inc. on September 27, 1977. USF & G was the carrier. The lower court, Circuit Judge James Hester presiding, sustained the defendant's demurrer to the declaration. We affirm.
Essence of the declaration before us is the allegation that USF & G, Williams and Grove "negligently, carelessly, wrecklessly [sic], willfully and hazardiously [sic], failed, refused and neglected to process legitimate medical claims... ." Other allegations are to the effect that the defendant in like manner declined responsibility for the hospitalization and other expenses related to Taylor's injury and needful treatment. For his resulting "fright, grief, shame, humiliation ... worry ... physical pain ... emotional stress", the plaintiff demanded $5,000,000 in damages.
Plaintiff's tort action seeks damages described as "emotional stress" together with "mental stress" and punitive damages. The declaration charged that Williams and Grove, as USF & G's agents, "had charge of and handled" plaintiff's claim against Luther McGill, Inc. for workmen's compensation benefits. Along with their answer, the defendants, USF & G, Williams and Grove, demurred on the ground that the declaration fails to state a cause of action.
*565 IS AN EMPLOYEE COVERED BY MISSISSIPPI WORKMEN'S COMPENSATION STATUTES ENTITLED TO MAINTAIN A COMMON LAW TORT ACTION AGAINST THE COMPENSATION CARRIER AND ITS REPRESENTATIVES BASED UPON ALLEGATIONS OF BAD FAITH AND MALICIOUS REFUSAL OF THE CARRIER TO PAY COMPENSATION BENEFITS? The plaintiff's brief asserts that his tort action "is not barred under the exclusive remedy clause of the Mississippi Workmen's Compensation act." The exclusive remedy clause is contained in the Mississippi Workmen's Compensation Act, codified as Mississippi Code Annotated § 71-3-9 (1972):
Exclusiveness of Liability
The liability of an employer to pay compensation shall be exclusive and in place of all other liability of such employer to the employee, ... .
Other sections of the Compensation Act, including Mississippi Code Annotated §§ 71-3-15 and 71-3-77 (1972), set forth the usual procedure by which a workmen's compensation claimant may assert his claim to compensation benefits.
We have held in a number of cases that a workmen's compensation claimant may assert tort liability in certain third party situations. Index Drilling Company, Inc. v. Williams, 242 Miss. 775, 137 So.2d 525 (1962). McCluskey v. Thompson, 363 So.2d 256 (Miss. 1978), states that one employee cannot sue a fellow employee in a negligence action because the employee's exclusive remedy is under the Workmen's Compensation Act.
Trotter v. Litton Systems, Inc., 370 So.2d 244 (Miss. 1979) was a suit where an employee alleged that the doctor selected by the employer aggravated the employee's original injury. He sued the employer for failure to provide proper medical care and our opinion stated:
The Florida compensation statutes are practically identical with Mississippi's statutes. In Universal Manufacturing Company v. Barlow, 260 So.2d 827 (Miss. 1972), the Court held that aggravation of a preexisting infirmity (which also means the aggravation of an existing injury) is compensable under the Act. The principle has been applied many times. Also, aggravation by a physician of an injury sustained by an employee in the scope of his employment is compensable.
In McAlister v. Methodist Hospital of Memphis, 550 S.W.2d 240 (Tenn. 1977), the Tennessee court said:
"We hold, that in the field of workmen's compensation law, and in suits by a worker against his employer, the initial injury is the cause of all that follows, even where there is superimposed upon the original injury, a new, or additional or independent injury during the course of treatment, negligent or otherwise."
We are of the opinion that, under Mississippi statutes, the principle announced in Dixon v. Ford Motor Co., [53 Cal. App.3d 499, 125 Cal. Rptr. 872], supra, Warwick v. Hudson Pulp & Paper Co., Inc., [303 So.2d 701, Fla.App.], supra, and McAlister v. Methodist Hospital of Memphis, [550 S.W.2d 240], supra, pronounces the better rule, and the dual capacity doctrine should not be applied, absent legislative enactment.
Id., at 247.
We expressed the same rationale in Brown v. Estess, 374 So.2d 241 (Miss. 1979), where we stated our opinion that:
[T]he purpose, spirit and philosophy of the Workmen's Compensation Act is to make compensation the exclusive remedy of the employee where he is injured by the employer or any of its employees during the course of his employment.
... .
Therefore, we hold that an officer or agent of a corporation who is acting within the scope of his authority for and on behalf of the corporation comes within the purview of the Mississippi Workmen's Compensation Act, Mississippi Code Annotated section 71-3-9 (1972) and is entitled to the immunity it provides.
Id., at 242-43.
In a well-reasoned decision, the California Court had before it the identical question *566 now confronting us. There an employee sued his carrier alleging its negligent delay in providing medical care and its wanton misconduct in refusing to provide such care, causing temporary and permanent injuries to the employee. Noe v. Travelers Insurance Company, 172 Cal. App.2d 731, 342 P.2d 976 (1959). Rejecting the tort claim presented in that case, the California court stated:
[B]eyond the legalistic objection to appellant's position, we must point out that if delay in medical service attributable to a carrier could give rise to independent third party court actions, the system of workmen's compensation could be subjected to a process of partial disintegration. In the practical operation of the plan, minor delays in getting medical service, such as for a few days or even a few hours, caused by a carrier, could become the bases of independent suits, and these could be many and manifold indeed. The uniform and exclusive application of the law would become honeycombed with independent and conflicting rulings of the courts. The objective of the Legislature and the whole pattern of workmen's compensation could thereby be partially nullified.
Id., 342 P.2d at 979-80.
See also, Sullivan v. Liberty Mutual Insurance Company, 367 So.2d 658 (Fla.App. 1979), cert. denied, 378 So.2d 350 (Fla., 1979).
To the same effect is Larson, Workmen's Compensation Law, Section 72.97, where the author discussed the Noe case and concluded:
This result is correct under the proposed test. If at first glance it appears harsh, recall that the employee has it within his power to protect himself. He could have obtained the surgery and compelled the carrier to pay for it. A little reflection will show that any other rule would be unworkable. To hold the carrier liable in these circumstances would mean that tort litigation would flow from almost every difference of medical judgment, or perhaps even from delay in making payments.
Id., at 14-308 to 309.
After carefully considering the issue presented and the authorities cited in the briefs, we must reject the plaintiff's argument. We find that the authorities cited by him are not persuasive in the context of the facts and the wording of the statutes before us in this case.[1] Upon this record, we cannot say that the legislators, in codifying "Exclusiveness of Liability" in § 71-3-9, supra, intended to allow a tort action such as the one asserted here by the plaintiff.
The other proposition argued by the appellant in his brief is his assertion that the lower court erred in "handling preliminary discovery". Although we find no reversible error in this regard, the chief issue first discussed above is dispositive and therefore we need not discuss how the lower court handled the matter of preliminary discovery.
AFFIRMED.
PATTERSON, C.J., SUGG and WALKER, P.JJ., and ROY NOBLE LEE, BOWLING, HAWKINS, DAN M. LEE and PRATHER, JJ., concur.
NOTES
[1] Failure of the employer or carrier to pay benefits under an award does not leave the claimant without recourse. Mississippi Code Annotated § 71-3-37 (1972) provides penalties in such a situation.