481 So.2d 288 (1985)
Robert LUCKETT
v.
MISSISSIPPI WOOD INC. and The Western Casualty and Surety Co.
No. 54974.
Supreme Court of Mississippi.
November 27, 1985.
*289 Joel W. Howell, III, Jackson, Wright & Phillips, Carthage, for appellant.
Joseph L. McCoy, McCoy, Wilkins, Noblin, Anderson & Stephens, Jackson, for appellees.
En Banc.
PRATHER, Justice, for the Court:
The question for review is whether a circuit court has jurisdiction to entertain an employee's claim against his employer and its compensation carrier for bad faith and malicious refusal to pay workers' compensation benefits.
This appeal follows the decision of the Circuit Court of Leake County granting a motion to dismiss for lack of subject matter jurisdiction in an action brought by Robert Luckett against his employer, Mississippi Wood, Inc. and the Western Casualty and Surety Company, its workers' compensation insurance carrier. Luckett assigns as error the award of the motion to dismiss.

I.
On or about October 1, 1981, Luckett, while employed by Mississippi Wood, Inc., picked up a bundle of wood with a loader. The cable which secured the wood came unhooked, and when Luckett tried to secure the load, the wood fell injuring his legs. Luckett tried unsuccessfully to return to work and alleges that he is disabled for life as a result of the injury. Robert Luckett alleges that Mississippi Wood, Inc., had actual knowledge that he had sustained an on-the-job injury almost immediately. Mississippi Wood, however, filed no notice of such injury with the Mississippi Worker's Compensation Commission until June or July of 1982. Luckett further claims that his employer did not advise him that it would furnish him with medical treatment until his workers' compensation claim was filed and despite same having been demanded, the employer had not furnished Luckett with any compensation benefits whatsoever. Luckett filed no motion to controvert with the Mississippi Worker's Compensation Commission until May 3, 1982.

II.
In Count 1 of his complaint Luckett claims and asserts an intentional tort, charging his employer and its carrier with bad faith refusal to honor their obligations under the compensation act, entitling Luckett to general and punitive damages.
The lower court held that the exclusivity provision of the Mississippi Compensation Act, Miss. Code Ann. § 71-3-9 (1982) precludes the plaintiff's action as set forth in Taylor v. United States Fidelity & Guaranty Co., 420 So.2d 564 (Miss. 1982). However, in Southern Farm Bureau Casualty Ins. v. Holland, 469 So.2d 55 (Miss. 1984), a case decided since the hearing of the case sub judice, this Court held that the exclusivity provision of the Workers' Compensation Act does not bar an action by an injured employee against a carrier for an independent, intentional tort.
Miss. Code Ann. § 71-3-9 (1972), the exclusivity of remedy provision, covers only "liability ... to the employee ... on account of such injury or death ..."
In Taylor this Court stated that § 71-3-9 is limited to cases where the injured worker attempts to sue the carrier for negligent refusal to pay. The Taylor record *290 alleges no "intentional" tort, as is present in the pleadings of the case sub judice.
The liability sought in Holland derived from the independent and allegedly intentional, tortious conduct of Farm Bureau in refusing to pay benefits owing under the Mississippi Workers' Compensation Act without an arguable basis therefor and, did not arise from the on-the-job injury suffered by the plaintiff.
In the case sub judice, the pleadings allege a willful failure to tender benefits to the plaintiff knowing his claim to be valid, and a willful and bad faith use of unequal bargaining position of the parties to effect economic gain. We consider this allegation in view of the fact that Mississippi Wood and its carrier became obligated in law to begin the payment of compensation two weeks after it learned of the injury. Miss. Code Ann. § 71-3-37(1) and (2) (1972). It is this duty employer and carrier are said to have breached in bad faith.
This Court is of the opinion that in this form, the pleadings insofar as Count I is concerned are sufficient to survive a motion for failure to state a claim upon which relief may be granted. Rules 12(b)(6) and 8(a)(1), Miss.R.Civ.P. In support this Court looks to Stanton & Associates v. Bryant Const. Co., 464 So.2d 499 (Miss. 1985), wherein the Court stated:
Rule 8(a), Miss.R.Civ.P., requires only that in its complaint a plaintiff provide
(1) a short and plain statement of the claim showing that the pleader is entitled to relief, and,
(2) a demand for judgment for the relief to which he deems himself entitled. Relief in the alternative or of several different types may be demanded.
Rule 8(e), Miss.R.Civ.P., then provides
(1) Each averment of a pleading shall be simple, concise, and direct. No technical forms of pleading or motions are required.
When a complaint is tested via a motion under Rule 12(b)(6) for failure to state a claim upon which relief may be granted, the sufficiency of the complaint is in substantial part determined by reference to Rule 8(a)k and (e).
The leading federal case, Conley v. Gibson, 355 U.S. 41, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957), construing an identically worded provision of the Federal Rules of Civil Procedure, states that a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitled him to relief. 355 U.S. at 45-46, 78 S.Ct. at 102, 2L.Ed.2d at 84.
464 So.2d at 505.
As a threshold inquiry, subject matter jurisdiction must be determined before the court has authority to decide whether plaintiff has stated a claim upon which relief may be granted.
Generally speaking, the existence of subject matter jurisdiction  the authority to hear this type of case at all  turns on the well pleaded allegations of the complaint which are taken as true. That the defendant may have a defense on the merits  the exclusiveness of liability section of the compensation act  is beside the point on this type motion inquiry.
Here in Count I Luckett has alleged an intentional tort. This is a tort of the sort we held maintainable in Southern Farm Bureau Casualty Ins. Co. v. Holland, 469 So.2d 55 (Miss. 1984). By alleging such a tort, Luckett has brought his action within the subject matter jurisdiction of the circuit court.
The nature of the defense tendered  the exclusivity provisions of the compensation act, § 71-3-9  is that of a plea in bar. In Holland, we held that in the case of carrier's bad faith refusal (but not negligent refusal) to comply with its duty under the act to pay compensation, the bar does not apply. Today we extend Holland to include a bad faith refusal action against the employer, as well as the carrier, and hold that Luckett may recover if he can prove his claim.

*291 III.
Count II of the declaration alleges that since the plaintiff submitted a claim to the defendants arising from a worker's compensation injury that a fiduciary duty to pay such benefits arose. The plaintiff alleges "[a]fter said duty arose, the money attributable to said benefits was no longer the property of the defendants, but was held by said defendants for the sole use and benefit of plaintiff, thereby creating a fiduciary relationship between them." These allegations state a claim with the subject matter jurisdiction of the circuit court. They do not, however, state a claim upon which relief may be granted.
This Court affirms the circuit court dismissal of Count II of the declaration.

IV.
In conclusion, this Court holds that Robert Luckett's pleadings of Count I, sounding of intentional, tortious conduct are within the subject matter jurisdiction of the Circuit Court of Leake County. This Court, therefore reverses the dismissal of the complaint as to Count I and remands the case to the circuit court to allow the plaintiff the opportunity to present his claim.
REVERSED AS TO COUNT I OF THE COMPLAINT; AFFIRMED AS TO COUNT II OF THE COMPLAINT; REMANDED FOR TRIAL ON COUNT I.
PATTERSON, C.J., ROY NOBLE LEE, P.J., and DAN M. LEE, ROBERTSON, SULLIVAN and ANDERSON JJ., concur.
HAWKINS, J., specially concurs.
WALKER, P.J., dissents.
HAWKINS, Justice, specially concurring:
For the reasons stated in my dissenting opinion in Southern Farm Bureau Casualty Insurance Co. v. Holland, 469 So.2d 55, 60 (Miss. 1984), and for that reason alone, in my view the circuit judge should have overruled the defendants' motion to dismiss.
It is only from the proof offered to support the plaintiff's claim that it can be determined whether his case is barred under our decision in Taylor v. United States Fidelity & Guaranty Co., 420 So.2d 564 (Miss. 1982).
While the majority may have, in effect, overruled Taylor in the Holland decision, they have not actually confessed doing so. Yet.
WALKER, Presiding Justice, dissenting:
I respectfully dissent from the holding of the majority.
In the present case the employee claims that his employer and insurance carrier failed to provide him with medical and compensation benefits and failed to comply with the reporting requirements.
The employee claims that his employer and insurance carrier acted in bad faith by failing to provide him with medical and compensation benefits even though he had not filed a claim for same.
Contrary to appellant's argument, there is no obligation on the part of the employer to seek out and pursue claims on behalf of injured employees. On the contrary it is the employee who must take the initiative. It is the duty of the employee to give notice to the employer and to file a claim. The employee has the burden of going forward to collect compensation benefits. Clark v. Chrysler Corporation, 342 So.2d 902 (Ala. 1977).
Even though the majority holds "that Luckett may recover if he can prove his claim," there are no conceivable set of circumstances under which he can succeed, unless the Court is instructing the lower court to ignore our Worker's Compensation laws. It is apparent from the start that Mr. Luckett has no case. All this Court is doing is giving Mr. Luckett false hope and subjecting him to needless additional legal expense and wasting valuable court time that might best be used on meritorious cases.
*292 I am of the opinion that the decision of the lower court dismissing the complaint should be affirmed.