500 So.2d 451 (1986)
Charles Dane LEATHERS
v.
AETNA CASUALTY & SURETY COMPANY and Johanna Rice.
No. 55788.
Supreme Court of Mississippi.
October 1, 1986.
As Modified on Denial of Rehearing January 28, 1987.
William S. Lawson, Tupelo, Thomas J. Lowe, Jr., Jackson, for appellant.
Jack F. Dunbar, Guy T. Gillespie, III, Holcomb, Dunbar, Connell, Chaffin & Willard, Oxford, for appellees.
Before ROY NOBLE LEE, P.J., and ROBERTSON and SULLIVAN, JJ.
ROY NOBLE LEE, Presiding Justice, for the court:
Charles Dane Leathers has appealed from a judgment of the Circuit Court of Lee County, Mississippi, sustaining a demurrer to the declaration and dismissing *452 the amended declaration filed by him against Aetna Casualty & Surety Company and Johanna Rice. The questions presented for decision are:
(1) whether the lower court improperly sustained a demurrer and dismissed the complaint in holding that the workers' compensation statute excludes bad faith claims against a carrier/employer.
(2) whether or not the appellees are liable to appellant for tortious breach of contract.
Without detailing the numerous proceedings that have occurred in the workers' compensation case of Charles Dane Leathers v. Aetna Casualty & Surety Company and Johanna Rice, it is sufficient for the purposes of this decision to mention that the record reflects appellant Leathers sustained a first injury while in the course of his employment on October 7, 1976, and a second injury in the course of his employment on September 19, 1977. His injuries were found to be compensable by the administrative law judge, the full Commission, and the Circuit Court of Lee County. This Court affirmed the award of compensation benefits May 28, 1980, and remanded the cause for calculation of benefits to claimant. Aetna's petition for rehearing was denied July 9, 1980. The record and briefs reflect that little, if any, benefits have been paid to claimant resulting from that litigation. Almost ten (10) years have expired since the first injury was sustained.
On July 9, 1981, appellant filed a declaration in the Circuit Court of Lee County, Mississippi, seeking two million dollars ($2,000,000) actual damages and forty million dollars ($40,000,000) punitive damages from the appellees, asserting a bad faith claim against them. On October 9, 1981, appellees filed a demurrer to the declaration on the ground of failure to state a claim upon which relief could be granted, which demurrer was overruled May 25, 1982. On November 3, 1982, appellees filed a motion for reconsideration of the demurrer based on Taylor v. U.S.F. & G., 420 So.2d 564 (Miss. 1982), and on January 21, 1983, the lower court sustained the demurrer. An amended declaration was filed and an order was entered by the lower court May 15, 1984, dismissing the amended declaration under the authority of Taylor v. U.S.F. & G., supra.

I.  II.
The Taylor court in a unanimous decision held that "Upon this record, we cannot say that the legislators, in codifying `Exclusiveness of Liability' in § 71-3-9, supra, intended to allow a tort action such as the one asserted here by the plaintiff." 420 So.2d 566. That section provides that the liability of an employer to pay compensation shall be exclusive and in place of all other liability of such employer to the employee. The declaration in Taylor charged that U.S.F. & G. "negligently, carelessly, wrecklessly [sic], willfully and hazardiously [sic], failed, refused and neglected to process legitimate medical claims... ." It further charged that the defendant there declined responsibility for the hospitalization and other expenses related to Taylor's injury and needful treatment.
Since Taylor, supra, this Court has addressed the question again. In Southern Farm Bureau Casualty Ins. Co. v. Holland, 469 So.2d 55 (Miss. 1984), the Court had the same question before it on exclusive remedy of § 71-3-9. In Holland, a majority of the Court was of the opinion that the complaint charged an intentional tort and distinguished Holland from Taylor in the following language:
A review of the Taylor record discloses without question that the pleading sounds in negligence. No intentional tort is alleged, as is present in the allegation of this case. The rule in Taylor is accordingly limited to cases where the injured worker attempts to sue the carrier for negligent refusal to pay. In the case sub judice the pleading alleges the withholding of compensation for no legitimate or arguable reason and in an effort to force a settlement for an inadequate amount, harrassment [sic] regarding an auto insurance policy issued by the same company, refusal to pay medical bills, *453 using economic pressure to force a settlement, all such acts with "grossness and recklessness" as to evince utter indifference to the plaintiff. The comparison of the pleading factually distinguishes the cases. This Court, therefore, concludes that Taylor does not control this case and has no application to cases alleging independent, intentional torts between a worker and the employer's compensation carrier.
469 So.2d at 57.
Holland affirmed the lower court in overruling Southern Farm Bureau Casualty Insurance Company's motion to dismiss the declaration.
In Luckett v. Mississippi Wood, Inc., 481 So.2d 288 (Miss. 1985), the question was again presented to the Court, which reversed and remanded the judgment of the lower court dismissing the bad faith action brought by an employee against the employer and its carrier, The Western Casualty and Surety Company. The complaint charged an intentional tort against the employer/carrier and bad faith refusal to honor their obligations under the compensation act, entitling Luckett to general and punitive damages. The Luckett Court said:
Here in Count I Luckett has alleged an intentional tort. This is a tort of the sort we held maintainable in Southern Farm Bureau Casualty Ins. Co. v. Holland, 469 So.2d 55 (Miss. 1984). By alleging such a tort, Luckett has brought his action within the subject matter jurisdiction of the circuit court.
The nature of the defense tendered  the exclusivity provisions of the compensation act, § 71-3-9  is that of a plea in bar. In Holland, we held that in the case of carrier's bad faith refusal (but not negligent refusal) to comply with its duty under the act to pay compensation, the bar does not apply. Today we extend Holland to include a bad faith refusal action against the employer, as well as the carrier, and hold that Luckett may recover if he can prove his claim.
481 So.2d at 290.
The original and amended declarations in the case sub judice specifically charge bad faith, malice and an intentional tort against the appellees. Following the recent decisions in Holland, supra, and Luckett, supra, as we must do, the judgment of the lower court is reversed and the cause is remanded for a trial on the merits. See also McCain v. Northwestern National Ins. Co., 484 So.2d 1001 (Miss. 1986).

III.
In the amended declaration, the appellant charged additional grounds of tortious breach of contract and outrage. In view of our decision on the first two questions, it is not necessary to address the third question.

IV.
On petition for rehearing Johanna Rice, one of the defendants below, asks that dismissal of the complaint against her be reinstated and affirmed on grounds that she was a mere employee or agent of Aetna and had no duty toward Leathers. Rice cites Griffin v. Ware, 457 So.2d 936 (Miss. 1984), and action ex contractu decided in favor of an independent insurance adjusting firm on grounds it had no duty, contractual or quasi-contractual, to the insured. However, our general rule in tort is that the agent or servant, the one whose conduct has rendered his principal liable, has individual liability to the plaintiff. In many contexts the principal thereafter has indemnity rights against the agent. Cf. Maryland Casualty v. R.H. Lake Agency, Inc., 331 F. Supp. 574, 79-80 (N.D.Miss. 1971).
We find that this point was not considered by the trial judge below and, more specifically, that the facts regarding Rice's conduct and her relationship to Leathers have not been fully developed or adjudged. Our remand is without prejudice to the prerogatives of all parties to present and litigate these questions ab initio.
REVERSED AND REMANDED; PETITION FOR REHEARING DENIED; OPINION MODIFIED.
*454 HAWKINS, P.J., and DAN M. LEE, PRATHER, ROBERTSON, SULLIVAN, ANDERSON and GRIFFIN, JJ., concur.
WALKER, C.J., dissents.
WALKER, Chief Justice, dissenting:
I respectfully dissent from the holding of the majority for the same reasons stated in my dissent in Southern Farm Bureau Cas. Ins. v. Holland, 469 So.2d 55 (Miss. 1984) a copy of which is attached hereto.

APPENDIX
WALKER, Presiding Justice, dissenting.
I respectfully dissent from the holding of the majority that this case is not controlled by Taylor v. United States Fidelity & Guaranty Co., 420 So.2d 564 (Miss. 1982) which held that the liability of an employer to pay compensation shall be exclusive and in place of all other liability of such employer to the employee as provided for in the Mississippi Workmen's Compensation Act, codified as Mississippi Code Annotated section 71-3-9 (1972). The declaration filed in Taylor is so similar to the declaration in this case that it is indistinguishable.
The majority reasons that the declaration in Taylor was couched in terms of negligence and that the declaration sub judice is couched as an intentional tort and that therein lies the difference in the two cases. The majority may make such a statement, but that defies an objective analysis of the Taylor case. For instance, Justice Broom writing in Taylor begins his opinion by saying "Wrongful refusal to pay certain workmen's compensation benefits is asserted ..." (Emphasis added). The implication at the threshold of the opinion, therefore, was that the action of USF & G Company was intentional. He goes on to quote from the Taylor declaration saying that the "Essence of the declaration before us is the allegation that USF & G ... `negligently, carelessly, wrecklessly [sic], willfully and hazardiously [sic], failed, refused and neglected to process legitimate medical claims ...'" (Emphasis added). In that case the trial court sustained a demurrer to the declaration and we affirmed. It is readily apparent that the Taylor declaration alleged, among other things, that USF & G had acted willfully.
Justice Broom in Taylor then poses the question to be answered thusly:
IS AN EMPLOYEE COVERED BY MISSISSIPPI WORKMEN'S COMPENSATION STATUTES ENTITLED TO MAINTAIN A COMMON LAW TORT ACTION AGAINST THE COMPENSATION CARRIER AND ITS REPRESENTATIVES BASED UPON ALLEGATIONS OF BAD FAITH AND MALICIOUS REFUSAL OF THE CARRIER TO PAY COMPENSATION BENEFITS? (Emphasis added).
420 So.2d at 565.
He then went on to hold:
After carefully considering the issue presented and the authorities cited in the briefs, we must reject the plaintiff's argument. We find that the authorities cited by him are not persuasive in the context of the facts and the wording of the statutes before us in this case. Upon this record, we cannot say that the legislators, in codifying "Exclusiveness of Liability" in § 71-3-9, supra, intended to allow a tort action such as the one asserted here by the plaintiff.
420 So.2d at 566.
If the Court would overrule Taylor, it would at least be acting with intellectual honesty. To ignore Taylor by trying to distinguish it is inexcusable.
Workmen's compensation insurance premiums are a substantial burden on employers. By employers, I mean virtually every business enterprise in this State which has five or more employees. This burden should not be increased by permitting lawsuits for exorbitant and unlimited claims (in this case $6,000,000) against insurance carriers arising out of non-payment of benefits.[1] To permit such suits will cause insurance *455 carriers to be forced to pay legitimately doubtful claims. This can have but one effect and that is the soaring cost of workmen's compensation insurance which must be paid by employers. Another effect will be the certain bankruptcy of some insurance companies and the loss of benefits of any sort to their policyholders. The general public will be the ultimate looser.
I am of the opinion that the demurrer to the declaration should have been sustained and the case dismissed and would reverse the judgment of the trial court.
NOTES
[1] Mississippi Code Annotated section 71-3-37 (1972) of the Act provides for penalties for the failure to pay benefits and is further evidence that the legislature intended that the Act be the exclusive remedy as to all liability arising out of claims for benefits of an employer with respect to payments of benefits.