515 So.2d 928 (1987)
A.W. STEVENS & Burie Stevens
v.
FMC CORP., et al.
Nos. 57267, 57268.
Supreme Court of Mississippi.
November 12, 1987.
Rehearing Denied December 9, 1987.
Thomas A. Wicker, Holland, Ray & Upchurch, Tupelo, for appellant.
R. Andrew Taggart, Butler, Snow, O'Mara, Stevens & Cannada, Jackson, for appellees.
Before HAWKINS, P.J., and PRATHER and ZUCCARO, JJ.
PRATHER, Justice, for the Court:
This appeal presents important questions concerning the Mississippi Workers' Compensation Act. Of major significance to this case is this Court's interpretation of the exclusivity provisions of this Act.
This case involves two claims for damages in connection with alleged intentional misconduct on the part of the appellee, FMC Corporation. The claim of the appellant, A.W. Stevens, is for his injuries directly arising out of the wrong committed by the appellee, FMC Corporation, his former employer, and the claim of the appellant, Burie Stevens, wife of Stevens, involves her derivative action for the loss of consortium. In opposition to the two cases being dismissed in the trial court on motions for summary judgment, the appellants appeal and assign as error:
(1) The circuit court erred in granting summary judgment in favor of the appellee, against the appellant, A.W. Stevens.
*929 (2) The circuit court erred in granting summary judgment in favor of the appellee, against the appellant, Burie Stevens.
(3) The circuit court erred in failing to recognize the existence of genuine issues of material fact with regard to the intentional misconduct of the appellee, FMC Corporation.
(4) The circuit court erred in failing to recognize that the intentional misconduct of the appellee, FMC Corporation, constitutes an exception to the exclusivity provisions of Mississippi's Workmen's Compensation Act.
(5) The circuit court erred in granting summary judgment denying the claim of the appellant, Burie Stevens, for loss of consortium.

I.
On May 10, 1979, plaintiff A.W. Stevens was injured while working at his job on an assembly line at FMC's materials handling plant in Tupelo, Mississippi. Plaintiff's job involved the placement of parts, called "races", into conveyor rollers using a four pound metal shop hammer. A small chip of metal broke off the hammer he was using and injured plaintiff's left arm.
From time to time, small metal chips struck other employees of FMC and FMC supervisory personnel were aware of the occurrences and had taken steps to prevent the annoyance and potential injury.
FMC instituted a policy requiring that individual workers carefully maintain, or "dress," their shop hammers by grinding the head of a hammer any time it began to flatten and spread out, a condition known as "mushrooming." Although plaintiff was aware of this policy, his hammer head was mushroomed at the time of his accident. Although the race-driving process is largely mechanized today, four pound metal shop hammers are still used to drive races into conveyor rollers for custom jobs or for orders too small to be handled by FMC's automated line.
Plaintiff received workers' compensation benefits and medical expenses from FMC as a result of his on-the-job accident. For the duration of the protracted compensation claim process, neither plaintiff nor FMC ever suggested that plaintiff's injury was not compensable under the Act. The controverted issues in the workers' compensation claim involved only the extent to which plaintiff was actually injured.
Five years and eight months after the accident, plaintiff filed this action alleging negligence and "willful, gross and wanton" actions by his employer, but not actually alleging an intentional tort. At the same time, plaintiff's wife files a substantially identical complaint seeking damages for loss of consortium.
Mr. Stevens' action alleges that FMC intentionally persisted in directing and requiring their employees to engage in the unsafe practice of smashing metal against metal. More specifically, Mr. Stevens argues that the intentional conduct and actions of FMC Corporation constituted an exception to the exclusivity provisions of the Workmen's Compensation Act. At the same time, Mr. Stevens' wife, Burie, filed a substantial identical complaint seeking damages for loss of consortium.
FMC, in rebuttal to these claims, moved for summary judgment on the basis that the Stevens' claims alleged "negligence and willful, gross and wanton actions". Considering this motion for summary judgment, the Circuit Court of Lee County dismissed both actions. The court ruled that the exclusive remedy of the Workers' Compensation Act precluded a common law action brought by an employee whose injury was compensable under this Act.

II.
Although Mr. Stevens assigns five assignments of error, this appeal presents two fundamental questions of law:
(A) Does this jurisdiction recognize an exception to the exclusivity provisions of the Workers' Compensation Act for intentional torts?
(B) Were Mr. Stevens' injuries the result of an intentional tort?

*930 A.

DOES THIS JURISDICTION RECOGNIZE AN EXCEPTION TO THE EXCLUSIVITY PROVISIONS OF THE WORKERS' COMPENSATION ACT FOR INTENTIONAL TORTS?
The Workers' Compensation Act is the result of a legislative compromise. On the one hand, an injured employee is given a cause of action against his employer for accidental injury, with his recovery unaffected by any negligence on his part, but on the other hand, maximum limits on recovery is established by the Act. Despite the promulgation of this legislative remedy, counsel for Mr. Stevens argues that the Workers' Compensation statutes never intended to do away with a "servants' common law right to redress for intentional wrongs." Along these lines, Mississippi has recognized this exception in relation to "intentional" torts.
To reinforce this argument, Stevens cites Miller v. McRae's, Inc., 444 So.2d 368 (Miss. 1984). Miller is a case involving wrongful imprisonment. In Miller, the Court writes, "It was never the intention of the Workers' Compensation Act to bar an employee from pursuing a common law remedy for an injury that is the result of a willful and malicious act." Id. at 371. With this rationale in mind, counsel for Mr. Stevens argues that the action complained of in the case at bar is not compensable under the Workers' Compensation System and that his cause of action is an exception to the exclusivity provision of the Workers' Compensation Act. Stevens' contention is that the failure to provide safe tools is not an accidental injury and therefore is not compensable under the Act.
To refute the foregoing argument, counsel for FMC interprets Miller in a slightly different light. FMC agrees that this Court in Miller recognized a remedy for intentionally caused injuries for which the Mississippi Workers' Compensation Act provided no recovery. However, FMC also points out this Court's analysis of the provision of this Act. This Court writes: "Section 71-3-9 makes it clear that the Legislature intended for the Workers' Compensation Act to be the exclusive remedy available to an employee whose injuries fall within the purview of the Act." Miller, 444 So.2d at 370.
Reviewing this Court's analysis, FMC points out that Stevens alleged that his injury fell within the purview of the Act when he filed his compensation claim. FMC concurred in the position by making medical and compensation payments, and the Mississippi Workers' Compensation Commission rendered a final decision as to the full amount of the payment due. Therein, FMC believes that Mr. Stevens cannot now claim that his action does not fall within this coverage.
Reviewing the issues presented by each side, this Court heretofore has recognized exceptions to the exclusivity of the Workers Compensation Act. In McCain v. Northwestern National Insurance Co., 484 So.2d 1001 (Miss. 1986), this Court, citing Luckett v. Mississippi Wood, Inc. and The Western Casualty and Surety Co., 481 So.2d 288 (Miss. 1985) and Southern Farm Bureau Casualty Insurance Co. v. Holland, 469 So.2d 55 (Miss. 1984), states "the exclusivity provisions of the Mississippi Workers' Compensation Act did not bar actions by injured employees against carriers for independent intentional torts." Id. at 1002. But in those cases the alleged tortious conduct occurred independent of and subsequent to the workplace injury.

B.

WERE MR. STEVENS' INJURIES THE RESULT OF AN INTENTIONAL TORT?
In offering proof of an intentional tort, Mr. Stevens argues that the interpretation of the word "intentional". Counsel, citing McClusky v. Thompson, 363 So.2d 256 (Miss. 1978) argues that any construction given to the Workers' Compensation Act must "be sensible as well as liberal." Id. at 259.
With this rational in mind, Mr. Stevens advances no novel argument of the definition of "intentional". Rather, he submits that the definition contained in the Restatement, *931 Second of Torts should control. Section 8A of the Restatement states:
The word, "intent" is used throughout the Restatement of this subject denotes that the actor desires to cause the consequences of his act, or that he believes that the consequences are substantially certain to result in it.
Mr. Stevens makes the argument that FMC intentionally directs its employees to misuse a product in complete disregard to the warning labels affixed to the product. According to Stevens, this practice continues for the sake of "efficiency".
In rebuttal to the claim that FMC is guilty of an intentional tort, FMC suggests that Mr. Stevens' complaint sounds entirely in negligence. Thereto, FMC points out that Mr. Stevens claims that FMC "negligently" failed to provide him safe tools, and this his injuries proximately resulted from FMC's "negligence".
In Southern Farm Bureau Cas. Ins. Co. v. Holland, 469 So.2d 55, 56-57 (Miss. 1984), this Court, citing Taylor v. U.S. Fidelity & Guaranty Co., 420 So.2d 564 (Miss. 1982), explains how the complaint in Taylor failed to properly allege an intentional tort. In Taylor, the complaint charged that the carrier: "negligently, carelessly, recklessly, willfully and hazardously failed, refused, and neglected to process legitimate medical claims... ." Id. at 57. Upon reviewing the language in the Taylor complaint, this Court states, "A review of the Taylor record discloses without question that the pleadings sound in negligence. No intentional tort is alleged ..." Id. at 57. Such reasoning also applies to the instant case. An intentional tort is an act of intentional behavior designed to bring about the injury." See Mullins v. Biglane Operating Co., 778 F.2d 277, 279 (5th Cir.1985).
In the end the Court assumes, without deciding, that Mr. Stevens alleged an intentional tort within Miller adequate to withstand a motion to dismiss under Rule 12(b)(6), M.R.C.P. He has not, however, presented credible evidence in support of that claim, as he was obliged to do if he were to avoid summary judgment. The Court holds on this record that, on Mr. Stevens' intentional tort claim, there are no genuine issues of material fact that would take this case out of the exclusiveness of liability provisions of the Compensation Act and that FMC is entitled to judgment as a matter of law. See Brown v. Credit Center, Inc., 444 So.2d 358 (Miss. 1983).
Therefore, his exclusive remedy was benefits for the accidental injury arising out of and in the scope of this employment and covered by the Mississippi Workers' Compensation Act for which injury the plaintiff has already been compensated. The plaintiff is therefore barred from pursuing a common law tort remedy.

III.

DID THE CIRCUIT COURT ERR IN GRANTING SUMMARY JUDGMENT DENYING THE CLAIM OF THE APPELLANT, BURIE STEVENS, FOR LOSS OF CONSORTIUM?
Although this case primarily involves the question of intentional injury to Mr. Stevens, Burie Stevens, the wife of the appellant, also asserts her claim for loss of consortium. Mrs. Stevens argues that she has a right to pursue a consortium claim despite plaintiff's recovery under the Mississippi Workers' Compensation Act.
As authority for her argument, Mrs. Stevens cites Miss. Code Ann. § 93-3-1 (1972). This code section states in part that: "A married woman shall have a cause of action for loss of consortium through negligent injury of her husband." Id. To reinforce this argument, Mrs. Stevens argues that her claim is an independent cause of action. See Tribble v. Gregory, 288 So.2d 13 (Miss. 1974). Therein, Mrs. Stevens claims that the intentional actions of FMC Corporation take this case out of the exclusivity provisions of the Workers' Compensation Act.
In relation to Mrs. Stevens' argument, this Court points to the language of the Mississippi Workers' Compensation Act. The Act states: "The liability of an employer to pay compensation shall be exclusive and in place of all other liability of such employer to the employee, his ... wife, ... and anyone otherwise entitled to recover *932 damages at common law or otherwise from such employer on account of such injury ... Miss. Code Ann. § 71-3-9 (1972). Keeping in mind the language of this statute, this Court holds that each of the reasons as grounds against Mr. Stevens' claim, equally apply to Mrs. Stevens' claim.
Thereto, the language of Miss. Code Ann. § 93-3-1 states that the wife: "Shall have a cause of action for loss of consortium through negligent injury of her husband." (Emphasis added). Miss. Code Ann. § 93-3-1 (1972). As set out above, this argument is already contrary to both the Stevens' present claims before this Court.

CONCLUSION
This Court holds that the lower court was correct in granting a summary judgment for FMC. The law is well settled in Mississippi by both statute, Miss. Code Ann. § 71-3-9 (1972), and by decisions of this Court that cases such as the one at bar fall squarely within the provisions of the Mississippi Workers' Compensation Act. In a recent holding, Sawyer v. Head, Dependents of, 510 So.2d 472 (Miss. 1987), this Court reinforces its position in connection with workers' compensation. This Court writes:
The workers' compensation laws are in derogation of the common law in that they replaced traditional negligent actions for a no-fault system of payment to employees and their families for job related injuries. By the exchange, the remedy of workers' compensation benefits, insofar as the right of the employee against employer and fellow employees are concerned, is abrogated.
Id. at 477. Following the reasoning, this Court holds that the foregoing action is really a cause of action for negligence. This belief is supported by the appellant's complaint. Therein, the judgment of the lower court should be affirmed.
AFFIRMED.
ROY NOBLE LEE, C.J., HAWKINS and DAN M. LEE, P.JJ., and ROBERTSON, SULLIVAN, ANDERSON, GRIFFIN and ZUCCARO, JJ., concur.