Gail **BLAKENEY**, **Executrix of Estate of Billy Ralph Blakeney, Deceased, and Heir at Law of Billy Ralph Blakeney, Deceased Plaintiff**

v.

**GEORGIA PACIFIC CORPORATION, Steve Harper, and A, B, C, and D Defendants**

No. CIV.A.3:00–CV–116WS.

United States District Court, S.D. Mississippi, Jackson Division.

March 15, 2001.

Emmett Howard Eaton, E. Howard Eaton, Attorney, Gerald M. Martin, Eaton and Martin, P.A., Taylorsville, MS, for Plaintiff.

Joe Sam Owen, Owen & Galloway, PLLC, Gulfport, MS, for Defendants.

### *ORDER GRANTING REMAND*

WINGATE, District Judge.

Before the court is plaintiff Gail Blakeney's motion to remand this action to the Circuit Court of Smith County, Mississippi, subsequent to defendants Georgia Pacific Corporation ("Georgia Pacific") and Steve Harper's removal of this lawsuit from that state court to this federal court pursuant to Title 28 U.S.C. § 1441(a)[1] and

---

1. Title 28 U.S.C. § 1441(a) states in pertinent part: "[e]xcept as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or defendants, to the district court of the United States for the district and division embracing the place where such action is pending."

§ 1332,[2] the federal diversity jurisdiction statute. Plaintiff's motion, filed under Title 28 U.S.C. § 1447(c),[3] is opposed by the defendants who argue that removal was appropriate. The proper parties, say defendants, are diverse in citizenship and the amount in controversy exceeds $75,000, exclusive of costs and interest.[4] Further, say the defendants, Steve Harper, the non-diverse defendant, was fraudulently joined to the instant action. This court, however, having reviewed the parties' written briefs, rejects the defendants' fraudulent joinder argument. This court finds instead the plaintiff's arguments well taken and grants her motion to remand this action to the Circuit Court of Smith County under Title 28 U.S.C. § 1447(c).

### FACTS

Plaintiff Gail Blakeney, a Mississippi resident, filed her complaint on December 28, 1999, in the Circuit Court of Smith County, Mississippi, against her deceased husband's former employer, Georgia Pacific; Steve Harper, a personnel manager for Georgia Pacific; as well as "fictitious party" defendants.[5] In her complaint, plaintiff accuses defendants of failing to notify the Mississippi Workers' Compensation Commission and file with that agency the appropriate documentation, after defendants had been advised of the job related injury suffered by Billy Ralph Blakeney, plaintiff's deceased husband, and defendants' concomitant refusal to pay workers' compensation benefits. Plaintiff has sued Harper, a personnel manager for Georgia Pacific, under many theories of recovery including the torts of negligent misrepresentation, outrage, fraud, and bad faith refusal to pay.

The pertinent facts, as set forth by the plaintiff's pleadings, are as follows. Billy Ralph Blakeney suffered an alleged hernia while climbing on a log truck to scale logs in the course of his employment at the Georgia Pacific plant in Taylorsville, Mississippi, on Saturday, November 30, 1996. On that same day, Mr. Blakeney visited the Jennings and Harper Clinic, where the plaintiff was employed. Dr. Jennings attended to Mr. Blakeney and sent him home with instructions to visit the hospital emergency room if the pain did not subside.

2. Title 28 U.S.C. § 1332 provides in pertinent part:

> (a) The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between—
> (1) citizens of different States; ...

3. Title 28 U.S.C. § 1447(c) states in pertinent part:

> (c) A motion to remand the case on the basis of any defect other than lack of subject matter jurisdiction must be made within 30 days after the filing of the notice of removal under section 1446(a). If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded. An order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal. A certified copy of the order of remand shall be mailed by the clerk to the clerk of the State court. The State court may thereupon proceed with such case.

4. Plaintiff is an adult resident citizen of Smith County, Mississippi. Defendant Georgia Pacific Corporation is a foreign corporation with its principal place of business located in Atlanta, Georgia. Harper, non-diverse in citizenship to the plaintiff, is an adult resident citizen of Smith County, Mississippi.

5. The citizenship of fictitious party defendants A, B, C, and D is immaterial for purposes of diversity jurisdiction. Title 28 U.S.C. § 1441(a) provides that "[f]or purposes of removal..., the citizenship of defendants sued under fictitious names shall be disregarded."

Mr. Blakeney returned to Dr. Jennings on Monday morning and was referred to a surgeon in Laurel, Mississippi, who scheduled surgery for Wednesday, December 4, 1996. On Tuesday, December 3, 1996, the plaintiff says she informed Harper of her husband's job related injury and inquired about filing a workers' compensation claim. On that same day, according to plaintiff, Harper declined to approve workers' compensation coverage for Mr. Blakeney and so informed Mrs. Blakeney. Having been denied workers' compensation coverage and with surgery scheduled the next day, plaintiff says that Mr. Blakeney completed the paperwork necessary to receive group health insurance coverage for his medical expenses. Mr. Blakeney underwent hernia surgery on December 4, 1996, and, supposedly, was disabled due to his injury from December 1, 1996, until February 2, 1997.

Mr. Blakeney returned to work at Georgia Pacific in February of 1997, but was notified on February 20 that he would be terminated effective March 6, 1997. Mr. Blakeney died in July of 1997, and his widow commenced an action to recover workers' compensation benefits in November of 1997.

On May 4, 1999, the full Commission of the Mississippi Workers' Compensation Commission found that Harper had received notice of Mr. Blakeney's job related injury on December 3, 1996, and found that Georgia Pacific should pay all medical expenses related to Mr. Blakeney's injury and pay his estate temporary total disability benefits. As of the time of the filing of the instant action, Georgia Pacific has yet to pay the sums ordered by the Commission.

## *LEGAL STANDARD AND DISCUSSION OF LAW*

▪ On February 16, 2000, defendants Georgia Pacific and Harper removed this action to federal court, contending that Harper had been fraudulently joined. A party invoking the removal jurisdiction of the federal courts bears a heavy burden. *Burden v. General Dynamics Corp.*, 60 F.3d 213, 217 (5th Cir.1995). To prove that a non-diverse defendant has been fraudulently joined in order to defeat diversity, the removing party must demonstrate "that there is absolutely no possibility that the plaintiff will be able to establish a cause of action against the in-state defendant in state court." *Cavallini v. State Farm Mut. Auto Ins. Co.*, 44 F.3d 256, 259 (5th Cir.1995).

▪ In reviewing a claim of fraudulent joinder, this court must evaluate all factual allegations and ambiguities in the controlling state law in favor of the plaintiff. *Burden*, 60 F.3d at 216. If there is any possibility that the plaintiff has stated a cause of action against a non-diverse defendant, the federal court must conclude that joinder is proper, thereby defeating complete diversity, and the case must be remanded. *Id.*

The Fifth Circuit has consistently held that claims of fraudulent joinder should be resolved by a summary judgment-like procedure whenever possible. Although the district court may "pierce the pleadings" to examine affidavits and other evidentiary material, it should not conduct a full evidentiary hearing on questions of fact, but rather should make a summary determination by resolving all disputed facts in favor of the plaintiff. *Burden*, 60 F.3d at 217.

This court's evaluation of fraudulent joinder claims does not anticipate a judgment on the merits, but merely considers whether there is any possibility that the plaintiff might prevail. Mindful of this court's obligation to exercise diversity jurisdiction only in cases of complete diversi-

ty, the court will not authorize removal on the basis of fraudulent joinder unless there is *no possibility* that the plaintiff could state a cause of action against the non-diverse defendant. *See B., Inc., v. Miller Brewing Co.,* 663 F.2d 545, 549 (5th Cir. 1981).

■ Georgia Pacific and Harper have failed to satisfy this strict burden of proof. Because this court need find that only one of the several claims asserted against Harper possibly may be meritorious in state court in order to defeat a fraudulent joinder cry, this court shall expound only upon the plaintiff's claim of bad faith refusal to pay.

In her complaint, the plaintiff asserts a claim for bad faith refusal to process and pay the workers' compensation claim against both Georgia Pacific and Harper, alleging: (1), a willful failure to file a timely notice of Mr. Blakeney's job related injury with the Mississippi Workers' Compensation Commission, knowing his claim to be valid as of December 3, 1996, the day on which plaintiff allegedly informed Harper that her husband had suffered a job related injury; and (2), willful failure to tender benefits to Mr. Blakeney without an arguable basis therefor.

■ Clearly, the liability plaintiff seeks to impose upon Harper does not arise out of the injury suffered by Mr. Blakeney on November 30, 1996; rather, it derives from the independent and allegedly intentional, tortious conduct of Harper and Georgia Pacific in refusing to notify the Mississippi Workers' Compensation Commission and their refusal to pay benefits owed under the Act without an arguable basis therefor. In order to establish the

elements of a bad faith refusal to pay claim, the plaintiff must show: [6] (1), an intentional refusal by the defendant to pay with reasonable promptness the insured's claim; and (2), the absence of any arguable reason for the defendant's refusal to pay with reasonable promptness. *Blue Cross & Blue Shield of Miss., Inc. v. Campbell,* 466 So.2d 833, 847 (Miss.1984).

Defendants argue that as a matter of law the plaintiff has no possibility of recovering against Harper on her bad faith refusal to pay claim. Specifically, defendants argue that: (1), any such claim is barred by the exclusivity provision of the Mississippi Workers' Compensation Act; and (2), that Harper was at all material times an employee of Georgia Pacific and, thus, no basis exists for a separate and independent cause of action against him.

In *Luckett v. Mississippi Wood, Inc.,* 481 So.2d 288 (Miss.1985), the Mississippi Supreme Court addressed whether a circuit court had jurisdiction to entertain an employee's claim against his employer and its compensation carrier for bad faith and malicious refusal to pay workers' compensation benefits. The *Luckett* Court said:

> Here in Count I Luckett has alleged an intentional tort. This is a tort of the sort we held maintainable in *Southern Farm Bureau Casualty Ins. Co. v. Holland,* 469 So.2d 55 (Miss.1984). By alleging such a tort, Luckett has brought his action within the subject matter jurisdiction of the circuit court.

> The nature of the defense tendered—the exclusivity provisions of the compensation act, § 71-3-9—is that of a plea in bar. In *Holland,* we held that in the case of carrier's bad faith refusal (but not negligent refusal) to comply with its

---

**6.** This court, pursuant to the dictates of *Erie Railroad Co. v. Tompkins,* 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188 (1938), applies Mississippi law to this dispute because all of the

incidences giving rise to the suit occurred in Mississippi, and this court applies the substantive law of the state in which it sits.

duty under the act to pay compensation, the bar does not apply. Today we extend *Holland* to include a bad faith refusal action against the employer, as well as the carrier, and hold that Luckett may recover if he can prove his claim.

481 So.2d at 290.

In *Leathers v. Aetna Casualty & Surety Co.*, 500 So.2d 451, 453 (Miss.1986), an injured employee sued his employer, alleging that the employer recklessly and willfully had refused to process legitimate claims for workers' compensation benefits. In refusing to dismiss the individual defendant on the basis that she was a mere employee or agent of another defendant and had no duty to the plaintiff, the Court stated, "[o]ur general rule in tort is that the agent or servant, the one whose conduct has rendered his principal liable, has individual liability to the plaintiff."

Construing together the pronouncements in *Luckett* and *Leathers,* this court rejects defendants' argument that plaintiff's separate bad faith refusal to pay claim against Harper is barred by the exclusivity provision of the Mississippi Workers' Compensation Act. Consequently, this court cannot say that as a matter of law there is no possibility that a Mississippi state court would find that plaintiff has asserted a valid cause of action against Harper.

In *Luckett,* where the employee brought action against his employer and its workers' compensation carrier for alleged bad faith failure to process and pay benefits although the employer had been aware of the injury, the Mississippi Supreme Court found that a cognizable claim had been stated:

> In the case sub judice, the pleadings allege a willful failure to tender benefits to the plaintiff knowing his claim to be valid, and a willful and bad faith use of

unequal bargaining position of the parties to effect economic gain. We consider this allegation in view of the fact that Mississippi Wood and its carrier became obligated in law to begin the payment of compensation two weeks after it learned of the injury. Miss.Code Ann. § 71–3–37(1) and (2) (1972).

> This Court is of the opinion that in this form, the pleadings insofar as Count I is concerned, are sufficient to survive a motion for failure to state a claim upon which relief may be granted.

*Luckett,* 481 So.2d at 290.

Assuming all factual allegations set forth by the plaintiff to be true and resolving all uncertainties as to state substantive law against Harper, this court simply cannot say that there is no possibility that a Mississippi state court would find a valid cause of action set forth against Harper for bad faith refusal to process and pay plaintiff's claim.

## CONCLUSION

Defendants have failed to prove that plaintiff fraudulently joined defendant Harper. This court finds, then, that this lawsuit features incomplete diversity. Accordingly, this court grants plaintiff's motion and immediately remands this action to the Circuit Court of Smith County.