IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

_____

No. 00-60722

Summary Calendar

_____

PAULA JO WHITMIRE,

Plaintiff-Appellant,

versus

VICTUS LIMITED T/A MASTER DESIGN FURNITURE,

Defendant-Appellee.

_____

Appeal from the United States District Court
For the Northern District of Mississippi
(1:97-CV-321-B-A)

_____

May 31, 2001

Before HIGGINBOTHAM, WIENER, and BARKSDALE, Circuit Judges.

PER CURIAM:[*]

Paula Jo Whitmire appeals the district court's grant of summary judgment in favor of her former employer, Victus Ltd., on her claims of assault and intentional infliction of emotional distress. We affirm.

I

[*]Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Whitmire challenges the district court's ruling that Whitmire had failed to create a genuine issue of material fact as to whether the plant manager who pushed and injured her acted with intent to cause a harmful or offensive contact.[1]  Whitmire argues that the act was intentional because the plant manager intended to push her.  But assault requires not only intent to contact the plaintiff, but intent that the contact be "harmful or offensive."[2]  The district court did not err in concluding that the plaintiff created no genuine dispute about the intent to harm.  She had admitted that the push was mere horseplay.

## II

Whitmire also challenges the district court's ruling that her allegations of mistreatment by her employer do not evoke "outrage or revulsion."  Under Mississippi law, an intentional infliction of emotional distress plaintiff cannot recover unless she proves that the harmful conduct of the defendant "evokes outrage or revulsion."[3]  This court has held, in interpreting Mississippi law,

---

[1] We review the district court's grant of summary judgment *de novo*.  *See Horton v. City of Houston*, 179 F.3d 188, 191 (5th Cir. 1999).

[2] Assault occurs where a person "(a) ... acts intending to cause a harmful or offensive contact with the person of the other or a third person, or an imminent apprehension of such a contact, and (b) the other is thereby put in such imminent apprehension." *Webb v. Jackson*, 583 So. 2d 946, 951 (Miss. 1991).  We note also that in order for this claim not to be barred by Mississippi's workers compensation statute, the alleged tortfeasor's action must be "intentional behavior designed to bring about the injury." *See A.W. Stevens v. FMC Corp.*, 515 So. 2d 928, 931 (Miss. 1987).

[3] *Sears, Roebuck & Co. v. Devers*, 405 So. 2d 898, 902 (Miss. 1981).  The Mississippi Supreme Court continues to enforce this requirement. *See Donald v. Amoco Production Co.*, 735 So. 2d 161, 179 (Miss. 1999) (reaffirming the holding

that the "outrage and revulsion" standard requires that "the conduct [be] so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community."[4]

Whitmire alleges that she was demoted and lost her office space. She was given few or no responsibilities and a shabby office that had previously been used for storage. Her supervisors either yelled at her or refused to talk to her. These actions were taken, she alleges, to force her out of her job. While these allegations describe unpleasant and mean-spirited treatment, Whitmire does not describe conduct that is outrageous or atrocious. Indeed, her employer owes her no legally imposed duty[5] to provide a decent workspace, meaningful responsibility, or a civil boss. The implied duty of good faith and fair dealing in employment does not extend to termination, including constructive termination.[6] In sum, her allegations do not rise to the level of conduct evoking outrage and revulsion, and thus summary judgment in favor of Victus on the intentional infliction of emotional distress claim was proper.

---

of *Devers*).

[4] *See White v. Walker*, 950 F.2d 972, 978 (5th Cir. 1991) (quoting Restatement (Second) of Torts § 46 cmt. d (1965)).

[5] The existence *vel non* of contractually imposed duties is not at issue in this appeal.

[6] *See Burroughs v. FFP Operating Partners, L.P.*, 28 F.3d 543, 547 (5th Cir. 1994), and cases cited therein.

III

For the foregoing reasons, the judgment of the district court is AFFIRMED.