484 So.2d 1001 (1986)
Jean McCAIN
v.
NORTHWESTERN NATIONAL INSURANCE CO. & Sam Azwell.
No. 55407.
Supreme Court of Mississippi.
February 19, 1986.
Larry O. Norris, John Deakle, Hattiesburg, for appellant.
H. Alex Brinkley, Aultman, Tyner, McNeese, Weathers & Gunn, Hattiesburg, for appellees.
Before PATTERSON, C.J., and HAWKINS and PRATHER, JJ.
PRATHER, Justice, for the Court:
The question for review is whether the exclusive remedy provision of the Mississippi Workmen's Compensation Act precludes an action against an insurance carrier based on the carrier's alleged intentional tortious conduct.

I.
The complaint of the plaintiff alleges that the parties had contracted to settle but "that the defendants wilfully, maliciously, intentionally, wrongfully, and in bad faith failed to fulfill its duty under the contract for no arguable reason and... that the defendants' acts amounted to a separate and individual tort of tortious breach of contract."
The trial court dismissed with prejudice the suit holding that the exclusivity provision of Workers' Compensation Act barred a common-law tort action by an employee against the compensation carrier. Miss. Code Ann. § 71-3-9 (Supp. 1985).

II.
The Court holds that the case sub judice is controlled by Luckett v. Mississippi Wood, Inc. and The Western Casualty and Surety Co., 481 So.2d 288 (Miss. 1985) and Southern Farm Bureau Casualty Insurance Co. v. Holland, 469 So.2d 55 (Miss. 1984). Both cases held that the exclusivity provision of the Mississippi Workmen's *1002 Compensation Act did not bar actions by injured employees against carriers for independent intentional torts.
The same rules applicable to health, fire, casualty, accident, and other insurance policies are likewise applicable to workers' compensation insurance carriers. A review of this Court's case law was recently succinctly summarized in State Farm Fire and Casualty Co. v. Simpson, 477 So.2d 242 (Miss. 1985), as follows: Punitive damages are recoverable for breach of a contract when such an action constitutes the commission of an independent tort. Hood v. Moffett, 109 Miss. 757, 69 So. 664 (1915). However, in the case of American Ry. Express Co. v. Bailey, 142 Miss. 622, 107 So. 761 (1926) recovery was had when the breach was attended by some intentional wrong, insult, abuse, or gross negligence, which amounts to an independent tort. Moreover, a mere contract violation is not sufficient to recover punitive damages. D.L. Fair Lumber Co. v. Weems, 196 Miss. 201, 16 So.2d 770 (1944), Lincoln National Life Insurance Co. v. Crews, 341 So.2d 1321 (Miss. 1977). An arguable reason by an insurance company in denying a claim will defeat a claim for punitive damages. Standard Life v. Veal, 354 So.2d 239 (Miss. 1978). A prerequisite to the award of punitive damage is the determination that the plaintiff is entitled to contractual damages. State Farm Fire & Casualty Co. v. Simpson, 477 So.2d at 242, Mississippi Power Co. v. Jones, 369 So.2d 1381 (Miss. 1979), Allen v. Ritter, 235 So.2d 253 (Miss. 1970). A severance of the two issues of contract damage and punitive damage under M.R.C.P. Rule 42 or 49 can be utilized to prevent prejudice to the defendant insurance company in the offering of the defendant insurance company's net worth proof.
The liability sought in the present case derived from the independent and allegedly intentional tortious conduct of the named defendants. Without reaching the merits of the plaintiff's claim, the Court holds plaintiff has stated a claim upon which relief may be granted, sufficient to withstand a motion to dismiss under Rule 12(b)(6), M.R.C.P. See Luckett v. Mississippi Wood, Inc., 481 So.2d 488 (Miss. 1985), Stanton & Associates v. Bryant Construction Co., 464 So.2d 499, 505-506 (Miss. 1985). The judgment below is reversed and the case is remanded for further proceedings not inconsistent with this opinion.
REVERSED AND REMANDED.
PATTERSON, C.J., ROY NOBLE LEE, P.J., and HAWKINS, DAN M. LEE, ROBERTSON, SULLIVAN and ANDERSON, JJ., concur.
WALKER, P.J., dissents.