James Lamar POWERS, Plaintiff,

v.

The TRAVELERS INSURANCE COMPANY, Defendant.

Civ. A. No. J86–0522(B).

United States District Court,
S.D. Mississippi,
Jackson Division.

July 20, 1987.

---

Michael H. Steele and Frank H. Shaw, Jr., Kosciusko, Miss., William C. Walker, Jr., University, Miss., for plaintiff.

John B. Clark and S. Mark Wann, Jackson, Miss., for defendant.

## MEMORANDUM OPINION AND ORDER

BARBOUR, District Judge.

The Court has before it the Motion of The Travelers Insurance Company to Dismiss, or in the Alternative, to Stay Proceedings in this action for bad-faith refusal to pay workers' compensation insurance benefits. The Court holds first that the action was properly removed to federal court. The Court holds next that the bad-faith claim may not proceed before the validity of the underlying compensation claim has been established by administrative adjudication. Since the underlying claim is now before the Mississippi Workers' Compensation Commission (the Commission), the Court will stay proceedings in this action pending final resolution of that claim.

James Lamar Powers brought this action in the Circuit Court of Hinds County, Mississippi, on July 2, 1986. Travelers removed the action to this Court under diversity jurisdiction. Powers alleges that Travelers refused in bad faith to compensate him sufficiently for at-home nursing services during various periods between 1980 and 1985 when he was recuperating from an industrial injury. Powers asserts that he was entitled to nursing care seven, instead of five, days a week. He requests back payment for the omitted weekends, an amount alleged to be $8,220.00, plus general compensatory damages of $1,000,000.00, and punitive damages of $3,000,000.00. Powers has not sought an administrative adjudication of his claim before the Commission and pleads no reason for his failure to do so. After he filed his bad faith action, however, Travelers brought a motion to controvert the claim before the Commission. That motion is still pending.

The Mississippi Supreme Court only recently concluded that workers may bring actions in court for the bad-faith refusal to pay workers' compensation benefits. *Southern Farm Casualty Insurance Co. v. Holland,* 469 So.2d 55 (Miss.1984). *See also Leathers v. Aetna Casualty & Surety Co.,* 500 So.2d 451 (Miss.1986) (following *Holland* ); *McCain v. Northwestern National Insurance Co.,* 484 So.2d 1001 (Miss.1986) (following *Holland* ); *Luckett v. Mississippi Wood, Inc.,* 481 So.2d 288 (Miss.1985) (extending liability to employers). In these cases, the court focuses narrowly on the question whether bad-faith actions are barred by the exclusiveness of liability section, *Miss.Code Ann.* § 71–3–9 (1972), of the Workers' Compensation Law. *Miss.Code Ann.* § 71–3–1 *et seq.* (Supp. 1986). The court concludes that the Section does not bar bad-faith actions, holding that such actions address a wrong which is legally distinct from the injuries compensated by the Act:

... the exclusivity provision of the Workers' Compensation Act does not bar an action by the employee against the insurance carrier for the commission of an intentional tort [bad-faith refusal to pay]. The independent tort is not compensable under our Workers' Compensation Act and to extend immunity to compensation

carriers for a separate injury to workers goes far beyond the intent of the act. *Holland,* 469 So.2d at 59.

## I.

■ The Court considers Powers' argument for remand in the context of these cases. Although he has not filed a motion to remand, Powers argues that if this Court accepts Travelers' motion, then the Court must remand the action to state court under 28 U.S.C. § 1445(c). Section 1445(c) states that actions "arising under the workmen's compensation laws" of a state may not be removed to a district court of that state. The Mississippi Supreme Court, however, recognized bad-faith actions against workers' compensation insurers specifically to address a civil wrong "not compensable under our Workers' Compensation Act...." *Holland,* 469 So.2d at 59. Since the action does not arise under the Workers' Compensation Law, Section 1445(c) does not bar removal. *See, e.g., Waycaster v. AT & T Technologies, Inc.,* 636 F.Supp. 1052, 1054 (N.D.Ill.1986) (removal proper because action for retaliatory discharge derived from common law not from compensation statute).

## II.

■ Travelers' Motion to Dismiss or to Stay presents the question whether a worker may bring an action for bad-faith refusal to pay workers' compensation benefits without first having been adjudged entitled to benefits by a final administrative decision of the Workers' Compensation Commission, in which is vested exclusive jurisdiction of claims for benefits. *Miss. Code Ann.* § 71-3-47 (1972); *Everitt v. Lovitt,* 192 So.2d 422, 425 (Miss.1966). The Mississippi cases on bad-faith actions have not decided whether prior administrative adjudication of the claim by the Commission is necessary before the bad-faith action may be prosecuted. It was clear in *Holland,* the initial case in this area, that the worker won an administrative judgment entitling her to a resumption of benefits before she brought her action for refusal to pay. *Holland,* 469 So.2d at 56. Before Holland brought suit alleging that the previous ter-

mination had been made in bad faith, the carrier resumed payment of benefits. *Id.* The court held her complaint sufficient to state a claim. *Id.* at 59.

In *Luckett,* however, the court found the complaint sufficient to state a claim, against both the employer and the carrier, without stating whether Luckett had won his administrative claim. 481 So.2d at 289. The opinion notes only that Luckett had filed a belated claim before the Commission. *Id.* The dissent, on the other hand, accuses the majority of allowing Luckett's suit to proceed *"even though he had not filed a claim...." Id.* at 291. (Walker, J., dissenting). The dissent objects that since Luckett had the burden of going forward to collect compensation, "there is no conceivable set of circumstances under which he can succeed, unless the Court is instructing the lower court to ignore our Workers' Compensation laws." *Id.*

In *McCain,* too, the court found the complaint sufficient without noting any administrative disposition and without considering the effect of the administrative jurisdiction of claims for benefits. 484 So.2d at 1001. McCain alleged only that the he had agreed to settle and that the carrier had breached the agreement. *Id.* The *McCain* court emphasizes, however, that the same rules apply to bad-faith claims against workers' compensation carriers as against other insurers. *Id.* at 1002. These rules state that the insurer's contractual liability must be clear:

> An arguable reason by an insurance company in denying a claim will defeat a claim for punitive damages.... A prerequisite to the award of punitive damages is the determination that the plaintiff is entitled to contractual damages.

*Id.* (citations omitted).

In *Leathers,* 500 So.2d 451, the most recent of the cases, the Mississippi Supreme Court noted that Leathers won an administrative judgment. The Mississippi Supreme Court affirmed that judgment in a separate case but remanded for calculation of benefits. *Id.* at 452. In *Leathers* the court does not discuss the effect of the

prior judgment or of the remand on the bad-faith claim, although it finds that the Complaint states a claim. *Id.*

Although the Mississippi Supreme Court has not yet decided the issue, another federal court in this district recently decided that the Mississippi court would not allow a worker to proceed with an action for bad-faith refusal to pay workers' compensation benefits unless the worker had first exhausted his administrative remedies. *Kitchens v. Liberty Mutual Insurance Co.*, 659 F.Supp. 467 (S.D.Miss.1987) (Gex, J.). Kitchens won her claim for benefits before an administrative law judge, and that decision was affirmed by the Mississippi Workers' Compensation Commission. When the carrier's motion for summary judgment came before the district court, an appeal of the Commission's decision was pending before the Circuit Court of Forrest County, Mississippi. The district court reasoned that since the bad-faith action depended on the validity of the underlying compensation claim, the bad faith action could not proceed until the determination of the compensation claim was final.

This Court decides this case on how it believes the Mississippi Supreme Court would rule and accordingly rules that a bad-faith action should not proceed before there is a final adjudication of the underlying compensation claim in accordance with the procedures established for the administration of such claims by the Mississippi Workers' Compensation Law. The Mississippi Supreme Court has stated that the establishment of the right to compensation is a prerequisite to a claim for punitive damages. *McCain*, 484 So.2d at 1002. The Workers' Compensation Commission has exclusive jurisdiction to determine the right to compensation. *Miss.Code Ann.* § 71–3–47; *Everitt*, 192 So.2d at 425. The Court does not believe that the Mississippi Supreme Court intended bad-faith actions to become a device which deprives the Workers' Compensation Commission of its jurisdiction. The Court concludes that Powers may not proceed with his claim until his administrative remedies are exhausted. Accordingly, the Court will stay further action in this case until the adminis-trative proceedings initiated by Travelers have concluded.

Plaintiff argues that this Court's acceptance of jurisdiction over his bad-faith claim deprives the Workers' Compensation Commission of jurisdiction over the compensation claim because of the following section of the Workers' Compensation Law:

No controversy shall be heard by the commission or award of compensation made therein while the same matter is pending either before a federal court or in any court in this state.

*Miss.Code Ann.* § 71–3–51. Powers argues that in conjunction with the *Holland* line of decisions this section deprives the Commission of jurisdiction over the compensation claim which underlies the bad-faith action. Powers argument, however, is simply an attempt to evade the Workers' Compensation Laws; it is not justified by the *Holland* cases. The Mississippi Supreme Court has recently emphasized that bad-faith damages are reserved for exceptional cases. *Aetna Casualty & Surety Co. v. Day*, 487 So.2d 830 (Miss.1986). Bad-faith actions under *Holland* address such extraordinary civil wrongs; they do not replace statutory compensation. *See Holland*, 469 So.2d at 59. Powers may not suspend the jurisdiction of the Commission by filing a civil action for bad faith. The existence of this action should not affect the administrative proceedings initiated by Travelers.

IT IS THEREFORE ORDERED that proceedings in this case be stayed in accordance with this opinion.