James C. DIAL, Sr., Plaintiff–Appellant,

v.

The HARTFORD ACCIDENT AND INDEMNITY COMPANY, Defendant–Appellee.

No. 88–4472
Summary Calendar.

United States Court of Appeals,
Fifth Circuit.

Jan. 12, 1989.

**16**

David L. Walker, Batesville, Miss., for plaintiff-appellant.

S.T. Rayburn, David D. O'Donnell, Oxford, Miss., for defendant-appellee.

Before CLARK, Chief Judge,
JOHNSON and JOLLY, Circuit Judges.

CLARK, Chief Judge:

James C. Dial brought this action for a tortious breach of contract against his employer's workers' compensation carrier. On the motion of the insurer, the United States District Court for the Northern District of Mississippi dismissed the complaint without prejudice because Dial's petition to the Mississippi Workers' Compensation Commission, which has exclusive jurisdiction to decide the underlying contract claim, is still pending. We affirm.

Dial was employed by the Mississippi Gravel Company, which was insured by a workers' compensation policy issued by the Hartford Accident and Indemnity Company (Hartford). Dial was injured on the job and incurred medical bills. When Hartford refused one of his claims, Dial brought a tortious breach of contract action against Hartford. He also filed a petition raising his entitlement to coverage with the Mississippi Workers' Compensation Commission against his employer and Hartford. The district court, on Hartford's motion, dismissed the civil complaint without prejudice on the grounds that Dial had not exhausted his administrative remedies. Dial appeals, arguing that he is not required to exhaust his administrative remedies prior to bringing his tort claim. We affirm the district court's dismissal.

This case is governed by Mississippi law. The Mississippi Supreme Court has not explicitly addressed the question presented, but the governing principles of substantive Mississippi law are clear. It is equally apparent that a plaintiff asserting the tortious breach of a workers' compensation policy is procedurally required to exhaust available administrative remedies. *Kitchens v. Liberty Mutual Insur. Co.,* 659 F.Supp. 467, 469–70 (S.D.Miss.1987); *Powers v. Travelers Insur. Co.,* 664 F.Supp. 252, 254–55 (S.D.Miss.1987). The district court's interpretation of legal questions involving local law is entitled to special weight. *Avery v. Maremont Corp.,* 628 F.2d 441, 445–46 (5th Cir.1980).

Under Mississippi law, an employee may bring a tortious breach of contract action against the compensation carrier for bad faith refusal to provide benefits. *McCain v. Northwestern Nat'l Insur. Co.,* 484 So.2d 1001 (Miss.1986); *State Farm Fire & Casualty Co. v. Simpson,* 477 So.2d 242 (Miss.1985). However, a "prerequisite to the award of punitive damages [under such an action] is the determination that the plaintiff is entitled to contractual damages." *McCain,* 484 So.2d at 1002, citing *Simpson,* 477 So.2d at 242. Indeed, any arguable reason for denying a claim will defeat an award, even if the contract is breached. *Id.* Thus, in order for Dial to prevail in his tort action, he must establish that he is entitled to coverage under the workers' compensation policy.

It is not, however, for a federal or state court to determine whether Dial is entitled to contractual damages and thus potentially entitled to punitive damages. A claim of entitlement to worker's compensation benefits is a matter within the exclusive original jurisdiction of the Mississippi Workers' Compensation Commission. Miss.Code Ann. § 71–3–47. *Day–Brite Lighting Division, Emerson Electric Co. v. Cummings,* 419 So.2d 211, 213 (Miss.1982). Therefore, until Dial's petition before the

Commission is ruled upon, his entitlement to tort damages cannot be determined. If federal and state courts independently decided this entitlement in tort cases, inconsistent and unjust verdicts could result. The Mississippi legislature has placed the question of entitlement to workers' compensation benefits before an administrative body with special expertise in this field. That placement is controlling in this case. Dial must exhaust the administrative remedy provided and establish his entitlement to workers' compensation benefits in that process prior to commencing a court action for tort damages for the same failure to pay his claim. *See Kitchens*, 659 F.Supp. at 469–70; *Powers*, 664 F.Supp. at 254–55.

Based on the foregoing, we affirm the dismissal of the plaintiff's complaint without prejudice.

AFFIRMED.