**Tony Ray BUTLER, Plaintiff,**

v.

**NATIONWIDE MUTUAL INSURANCE COMPANY and William Roy Rogers, Defendants.**

**Civ. A. No. E88–0100(L).**

United States District Court,
S.D. Mississippi, E.D.

April 14, 1989.

## MEMORANDUM OPINION AND ORDER

TOM S. LEE, District Judge.

This cause is before the court on the motion of defendant William Roy Rogers to dismiss and/or for summary judgment pursuant to Rules 12(b)(6) and 56, respectively, of the Federal Rules of Civil Procedure and on the motion of defendants Rogers and Nationwide Mutual Insurance Company (Nationwide) to dismiss pending the exhaustion of administrative proceedings.[1] Plaintiff Tony Ray Butler has responded to

---

1. Plaintiff has filed a motion to remand this action to state court from which it was removed; however, due to the court's disposition

the motions and the court has considered the memoranda of authority together with attachments submitted by the parties.

Plaintiff brought this action against Rogers and Nationwide asserting a claim of bad faith in payment of workers' compensation benefits to plaintiff for an injury which allegedly occurred on May 30, 1986.[2] At the time of the injury, Butler was employed with Bay Springs Telephone Company in Bay Springs, Mississippi as a telephone repairman. After a two-year absence from his employment due to disability, he returned to his employment; however, approximately one month thereafter he was unable to continue working and filed a claim for temporary total disability benefits with Nationwide, his employer's workers' compensation carrier. On June 2, 1988, plaintiff filed a petition to controvert with the Mississippi Workers Compensation Commission (the Commission) and this proceeding is pending as of this date.

■ Defendant Rogers is a career agent and exclusive writer of Nationwide insurance policies for its South Central Region. As such, he wrote the workers' compensation policy issued by Nationwide to plaintiff's employer. That Rogers was not a party to the insurance contract is uncontested. The Mississippi Supreme Court has expressly held that agents who are not parties to an insurance contract cannot be sued for bad faith refusal to pay nor can they be subjected to an implied duty of good faith and fair dealing. *Griffin v. Ware*, 457 So.2d 936 (Miss.1984). The plaintiff herein has not pled an independent tort not arising out of the alleged bad faith breach of contract and, therefore, he has failed to state a claim upon which relief may be granted against Rogers. Thus, Rogers should be dismissed as a defendant in this action pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.

■ The court now considers the propriety of exercising jurisdiction at this time over plaintiff's remaining bad faith claim against Nationwide. The Mississippi Supreme Court has recognized the right of an injured employee to maintain a civil action against his employer and/or its compensation carrier for bad faith refusal to pay workers' compensation benefits. *See, e.g., Luckett v. Mississippi Wood, Inc.*, 481 So. 2d 288, 290 (Miss.1985). That court has not, however, considered the issue presented by the instant case, that is, whether a bad faith action may proceed before the underlying compensation claim is finally adjudicated in accordance with the Mississippi Workers' Compensation Act. Two other federal courts in this district have concluded that the Mississippi court would not allow such an action to proceed unless the administrative remedies are first exhausted. *Powers v. Travelers Insurance Co.*, 664 F.Supp. 252 (S.D.Miss.1987) (Barbour, J.); *Kitchens v. Liberty Mutual Insurance Co.*, 659 F.Supp. 467 (S.D.Miss. 1987) (Gex, J.).

In *Powers*, the plaintiff had not sought an administrative adjudication before the Commission prior to filing his bad faith action; but, a motion to controvert the claim, entered by the carrier, was pending before the Commission at the time the bad faith action was considered by the court. Because of the exclusive jurisdiction of the Commission to determine the right to compensation, Miss.Code Ann. § 71–3–47, and because the Mississippi Supreme Court has stated that the establishment of the right to compensation is a prerequisite to a claim for punitive damages, *McCain v. Northwestern National Insurance Co.*, 484 So. 2d 1001, 1002 (Miss.1986), the court concluded that it was not the intent of the Mississippi court that bad faith actions become a device to deprive the Commission of its jurisdiction over these matters. Accordingly, the court held that the action could not proceed until the administrative remedies were exhausted.

---

of defendant Rogers' motion, this motion to remand is denied.

**2.** Though plaintiff's complaint charges that the alleged injury occurred on or about August 1, 1988, plaintiff clarifies this statement in his memorandum brief in response to the defendants' joint motion to dismiss to reflect that his disability of 1988 was an ongoing result of the 1986 injury.

**530**

In *Kitchens,* the plaintiff had succeeded in her claim for benefits before an administrative law judge and that decision had been affirmed by the Commission. However, at the time the federal court considered the carrier's motion for summary judgment, an appeal of the Commission's decision was pending before a state circuit court. The *Kitchens* court found that under Mississippi law, the resolution of a bad faith tort claim is totally dependent on the validity of the underlying workers' compensation claim. The court thus held that the Mississippi Supreme Court would require an exhaustion of administrative remedies where the plaintiff had initiated such proceedings prior to filing a bad faith tort action.

This court is of the opinion that Mississippi law supports the conclusions of *Powers* and *Kitchens* and accordingly, holds that a bad faith action should not proceed prior to a final adjudication of the underlying workers' compensation claim in accordance with the administrative procedures provided by the Mississippi Workers' Compensation Act. Therefore, because at the present time Butler's workers' compensation claim is pending before the Mississippi Workers' Compensation Commission, the instant action should be dismissed without prejudice pending final resolution of that administrative claim.

In sum, the motion of defendant William Roy Rogers to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure is hereby granted. Furthermore, the motion of defendant Nationwide Mutual Insurance Company to dismiss is granted and plaintiff's complaint against Nationwide shall be dismissed without prejudice pending final resolution of plaintiff's administrative claim for compensation benefits. A separate judgment shall be entered pursuant to Federal Rule of Civil Procedure 58.

ORDERED.