Albert **SHEPHERD**

v.

The **BOSTON OLD COLONY INSURANCE COMPANY, A Non-resident Corporation.**

Civ. A. No. S91–0455(G).

United States District Court, S.D. Mississippi, S.D.

Nov. 23, 1992.

John L. Hunter, Pascagoula, MS, for plaintiff.

Roger C. Riddick, Wes W. Peters, Jackson, MS, for defendant.

## MEMORANDUM OPINION

GEX, District Judge.

This cause comes before the Court on the motion of the defendant, Boston Old Colo-

ny Insurance Company [Boston], for dismissal for lack of subject matter jurisdiction pursuant to Rule 12(b)(1) and/or summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure or alternatively, to transfer venue pursuant to 28 U.S.C. § 1404(a). The Court, having duly considered the record in this action, in addition to the briefs of counsel, and being fully advised in the premises, concludes as follows:

## STATEMENT OF FACTS

The plaintiff herein, Albert Shepherd, a resident of Mississippi, twice injured his back in 1986 while working for Dale Homes, Inc. [Dale Homes], a Louisiana corporation.[1] Both injuries occurred in Louisiana in the course and scope of his employment with Dale Homes.[2] Following the plaintiff's injuries, Dale Homes' workers' compensation carrier, the defendant Boston, a non-resident of Mississippi, paid weekly compensation benefits to the plaintiff until a dispute concerning entitlement to such benefits arose in 1989.

On January 10, 1990, the plaintiff filed a petition for workers' compensation in the United States District Court for the Eastern District of Louisiana seeking the reinstatement of payment of benefits, in addition to the assessment of statutory penalties for the defendant's alleged arbitrary and capricious denial of such benefits. In *Shepherd v. Dale Homes, Inc.*, No. 89–5500, 1990 WL 109282 (E.D.La. July, 25, 1990), the court, applying Louisiana Workers' Compensation Law, found that the plaintiff was temporarily totally disabled and entitled to the disputed workers' compensation benefits. *Shepherd*, No. 89–5500, slip op. at 10, 1990 WL 109282. The court ordered that benefits be made current and that weekly payments be made at the maximum rate until the plaintiff's "cur-rent status of temporary total disability alter[ed]." *Id.* at 10, 13. Additionally, the court found that the defendants' termination and denial of benefits was arbitrary and capricious and accordingly awarded the plaintiff the statutory damages available under Louisiana Workers' Compensation Law. *Id.* at 11–14.

On August 22, 1991, the plaintiff filed the instant action in the Circuit Court of George County, Mississippi, seeking to recover $1,000,000 in compensatory damages and $5,000,000 in punitive damages for the defendant's alleged bad faith termination of the workers' compensation benefits which were at issue in *Shepherd v. Dale Homes, Inc.*, No. 89–5500, 1990 WL 109282 (E.D.La. July 25, 1990), and for the defendant's alleged continued bad faith for refusing to pay, since the conclusion of the litigation in Louisiana, certain "medical and/or chiropractic bills" related to the plaintiff's workers' compensation claim. (Complaint, para. X, XII, at 4–5.) The plaintiff further contends that the conduct of the defendant "constitutes bad faith refusal to honor its obligations under the compensation acts under the laws of the State of Mississippi and the State of Louisiana...." (Complaint, para. XI, at 4.) The action was subsequently removed to this Court based on diversity of citizenship, 28 U.S.C. § 1332. On January 8, 1992, the defendant filed its motion to dismiss for lack of subject matter jurisdiction pursuant to Rule 12(b)(1) and/or summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure. Alternatively, the defendant requests that the Court transfer the case to the United States District Court for the Eastern District of Louisiana pursuant to 28 U.S.C. § 1404(a).

## CONCLUSIONS OF LAW

As previously mentioned, the defendant has moved this Court to dismiss the action

---

[1] Said injuries necessarily resulted in the performance in 1987 of a decompression laminectomy and a transverse process fusion, together with the implantation of a bone stimulator at the L4–5 and L5–S1 intervertebral spaces. The decompression laminectomy was performed by Dr. John J. McCloskey, while the transverse process fusion and bone stimulator implantation was performed by Dr. Daniel J. Enger, both at the Singing River Hospital in Pascagoula, Mississippi.

[2] The plaintiff first injured his back while moving a sofa into a trailer and then later, reinjured his back while setting up a mobile home.

for lack of subject matter jurisdiction and/or for summary judgment pursuant to Rules 12(b)(1) and 56 respectively, of the Federal Rules of Civil Procedure. The Court notes that regardless of the how the motion is denominated, the defendant's briefs indicate that the basis of either a motion to dismiss or for summary judgment is that the Court lacks the subject matter jurisdiction to hear this cause. As such, the Court will first address the motion as one to dismiss pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure.

## I. *Motion to Dismiss*

■ To support its motion to dismiss, the defendant contends that this action lies within the exclusive jurisdiction of the Louisiana Department of Labor, Office of Workers' Compensation Administration, or the United States District Court for the Eastern District of Louisiana, the court of original jurisdiction where the plaintiff's petition for workers' compensation benefits was filed. The defendant asserts that the litigation in the Eastern District of Louisiana was not a final disposition based on the following language contained in the judgment:

> IT IS FURTHER ORDERED, ADJUDGED AND DECREED that Defendants continue weekly payments to Plaintiff at the maximum rate until his current status of temporary total disability alters.

The defendant relies upon this language to support its contention that the Louisiana Office of Workers' Compensation retains continuing and primary jurisdiction of any dispute concerning the payment of medical bills and treatment. Finally, the defendant asserts that "the Plaintiff has selected his 'jurisdiction' by filing his claim in Louisiana where the benefits were greater than the benefits otherwise payable in Mississippi," and basically that this Court should hold the plaintiff to his choice.

In his response, the plaintiff has not addressed the defendant's jurisdictional claims. The plaintiff instead, asserts that a conflict of laws analysis must be accomplished to determine whether Mississippi's "bad faith" law or Louisiana's workers' compensation law applies. Prior to reaching this argument, the Court will address the defendant's jurisdictional contentions.

Although the defendant contends that this bad faith action lies within the exclusive jurisdiction of the Louisiana Office of Workers' Compensation or the United States District Court for the Eastern District of Louisiana, the defendant has failed to direct the attention of the Court to any supporting authority. Also, the Court knows of no authority requiring that it reach the result sought by the defendant. As to the defendant's assertion that the Louisiana litigation was not a final disposition, the Court agrees that the Louisiana Office of Workers' Compensation retains continuing jurisdiction of any dispute concerning the payment of medical bills and treatment incurred by the plaintiff. Additionally, the Eastern District of Louisiana has continuing jurisdiction to enforce the aforementioned judgment which it has rendered. The flaw in the defendant's position is that the defendant fails to recognize that this action is not one seeking to resolve a dispute as to whether the defendant is liable to pay for certain medical treatment or bills incurred by the plaintiff. That determination has already been made by the Eastern District of Louisiana. Instead, this action has evolved from the Eastern District's determination that the plaintiff was entitled to certain benefits under Louisiana workers' compensation law, to the present action allegedly grounded in Mississippi's bad faith law. In this action, the plaintiff seeks to recover compensatory and punitive damages for the defendant's alleged bad faith termination and denial of the same benefits to which the plaintiff was previously adjudged entitled under Louisiana law. The plaintiff seeks to recover for a separate and independent tort which allegedly occurred in whole or part in Mississippi. In light of the absence of any authority to the contrary, this Court finds that it has subject matter jurisdiction to hear the bad faith claim which the plaintiff asserts is controlled by Mississippi law. Therefore, the Court must deny the defen-

dant's motion to dismiss for lack of subject matter jurisdiction.

## II. *Conflict of Laws*

 In a diversity case, a federal court must apply the choice of law rules of the forum state. *Klaxon Co. v. Stentor Elec. Mfg. Co.,* 313 U.S. 487, 496, 61 S.Ct. 1020, 1021, 85 L.Ed. 1477 (1941). Since *Craig v. Columbus Compress & Warehouse Co.,* 210 So.2d 645, 649 (Miss.1968) and *Mitchell v. Craft,* 211 So.2d 509, 512–16 (Miss.1968), Mississippi has applied and refined the most significant relationship test as set forth in the Restatement (Second) of Conflicts of Law. *McDaniel v. Ritter,* 556 So.2d 303, 310 (Miss.1989); *Boardman v. United Services Auto. Ass'n,* 470 So.2d 1024, 1030 (Miss.1985), *answer conformed to,* 768 F.2d 718 (5th Cir.1985), *cert. denied,* 474 U.S. 980, 106 S.Ct. 384, 88 L.Ed.2d 337 (1985). Under Mississippi law, the Restatement Second's most significant relationship test is commonly referred to as the "center of gravity" test. *Boardman,* 470 So.2d at 1031.

At the outset of a conflict of laws analysis, the Court is immediately confronted with the Mississippi Supreme Court's decision in *White v. Malone Properties, Inc.,* 494 So.2d 576 (Miss.1986), wherein the court stated the following:

> Argument is made that the center of gravity test should be applied. We are unable to find where such an approach is applied to worker's compensation cases. In *L. & A.,*[3] *supra,* we find the following:
>
>> Moreover, the rights, remedies, and procedure provided by the compensation laws are exclusive; and matters relating to compensation claims are governed exclusively by the provisions of the acts, and are not controlled by general rules of procedure applicable in cases in law or equity except as specifically provided.

*White v. Malone Properties, Inc.,* 494 So.2d 576, 578 (Miss.1986). In *White,* a Mississippi resident who not only lived in Louisiana, but also was hired in Louisiana by a Mississippi corporation to work exclusively in Louisiana, was injured allegedly in the course and scope of his employment in Louisiana. *White,* 494 So.2d at 577. After the statute of limitations to file a claim for benefits had run under the Louisiana Workers' Compensation Act, the plaintiff sought to recover similar benefits under Mississippi law. *Id.* The Circuit Court of Harrison County granted summary judgment for the defendant on the grounds that Louisiana's workers' compensation law provided the plaintiff's exclusive remedy and since the time to apply for benefits had expired, no recovery was available. *Id.* at 576–77. On appeal, the Mississippi Supreme Court in affirming the circuit court's decision, cited *Bethlehem Steel Company v. Payne,* 183 So.2d 912 (Miss.1966) and *L. & A. Constr. Co. v. McCharen,* 198 So.2d 240 (Miss.1967), as support for its holding that the expiration of the Louisiana statute of limitations extinguished not only the remedy, but also the right to recover. *White,* 494 So.2d at 577–79. As such, since the plaintiff could not recover under Louisiana law, the plaintiff also could not recover under Mississippi law. *Id.*

Relying upon *White,* the defendant in the instant case asserts that the most substantial relationship or "center of gravity" test is not applicable to workers' compensation cases. The defendant may very well be correct; however, the Court need not make such determination. At first glance, this Court appears to be faced with the decision of whether to apply either the Louisiana Workers' Compensation Act, or a "bad faith" cause of action available under Mississippi law, to the conduct of the defendant. Upon closer examination, this Court is convinced that the issue is not "either-or", but instead, the issue is what remedy does each Act provide the plaintiff. We recall that the plaintiff has alleged that the conduct of the defendant was violative of both the Mississippi and Louisiana Workers' Compensation Acts. (Complaint, para. XI, at 4.) Accordingly, the critical question

---

**3.** *L. & A. Constr. Co. v. McCharen,* 198 So.2d 240 (Miss.1967), *cert. denied,* 389 U.S. 945, 88 S.Ct. 310, 19 L.Ed.2d 301 (1967).

to be answered is what, if any, remedy does each act provide.

■ The first step to resolving this issue requires the Court to set forth the remedies available under Mississippi and Louisiana law, respectively, concerning the bad faith denial or termination of workers' compensation benefits. It is well-settled under Mississippi law that an injured employee may bring a civil action against his employer or employer's workers' compensation carrier to recover for the bad faith refusal to pay workers compensation benefits. *Leathers v. Aetna Casualty & Sur. Co.,* 500 So.2d 451, 452–53 (Miss.1986); *Luckett v. Mississippi Wood, Inc.,* 481 So.2d 288, 290 (Miss.1985); *Southern Farm Bureau Casualty Ins. Co. v. Holland,* 469 So.2d 55, 56–59 (Miss.1984). This area of Mississippi's common law developed solely because of the failure of the Mississippi Workers' Compensation Act to address separate and independent torts. In *Southern Farm Bureau Casualty Insurance Company v. Holland,* the Mississippi Supreme Court, on an issue of statutory construction, held that although the legislature had the authority to provide "that in *any* event the injured worker's exclusive remedy against the carrier is compensation," the Mississippi Workers' Compensation Act simply provided a statutory penalty for the non-payment of an installation of compensation, but "did not contemplate the commission of an independent tort." *Holland,* 469 So.2d at 58. (emphasis added). The court further determined that the penalty provided for in the Act was "hardly adequate to deter willful actions of an overreaching insurance company against a weekly wage earner." *Id.* Accordingly, the court held as follows:

> We hold that the majority view permitting action for an independent tort against an insurance carrier in Workers' Compensation cases is in line with the thrust of our recent decisions recognizing that punitive damages are appropriate where an insurance company intentionally and in bad faith refuses payment of a legitimate claim.... A workers' compensation claimant maintaining an action against the carrier based upon a wrongful refusal to pay his claim must, of course, allege and prove the recognized elements of such a claim in order to be entitled to punitive damages....

*Id.* at 58–59 (citing *Reserve Life Ins. Co. v. McGee,* 444 So.2d 803 (Miss.1983); *Standard Life Ins. Co. v. Veal,* 354 So.2d 239 (Miss.1977)).

■ A further feature of Mississippi law is the well-settled principle that a worker may not bring a bad faith claim against the insurer unless first a determination has been made that the worker was entitled to the benefits at issue in the underlying workers' compensation action. *Dial v. Hartford Accident & Indem. Co.,* 863 F.2d 15, 16 (5th Cir.1989); *Butler v. Nationwide Mut. Ins. Co.,* 712 F.Supp. 528, 529–30 (S.D.Miss.1989) (Lee, J.); *Powers v. Travelers Ins. Co.,* 664 F.Supp. 252, 254–55 (S.D.Miss.1987) (Barbour, J.); *Kitchens v. Liberty Mut. Ins. Co.,* 659 F.Supp. 467, 468–70 (S.D.Miss.1987) (Gex, J.). The basic premise behind this principle is that "the resolution of the bad faith tort claim is totally dependent on the validity of the underlying [workers'] compensation claim...." *Kitchens,* 659 F.Supp. at 469. As such, in each of the aforementioned cases, the court dismissed the action so that a determination of entitlement could be accomplished by the Mississippi Workers' Compensation Commission.[4] *See Dial,* 863 F.2d at 16–17 (affirming district court's dismissal without prejudice of complaint while plaintiff's petition to Workers' Compensation Commission was pending); *Butler,* 712 F.Supp. at 529–30 (complaint dismissed without prejudice since plaintiff's petition for benefits to Workers' Compensation Commission was pending); *Powers,* 664 F.Supp. at 255 (same); *Kitchens,* 659 F.Supp. at 468–70 (complaint dismissed without prejudice pending resolution of em-

---

**4.** "A claim of entitlement to worker's compensation benefits is a matter within the exclusive original jurisdiction of the Mississippi Workers' Compensation Commission." *Dial,* 863 F.2d at 16 (citing *Day–Brite Lighting Div., Emerson Elec. Co. v. Cummings,* 419 So.2d 211, 213 (Miss. 1982)).

ployer and compensation carrier's appeal in state court of Commission's affirmation of administrative judge's order awarding benefits). Based on the foregoing, it is clear that a bad faith action for termination or denial of workers' compensation benefits is completely derivative of an underlying action to recover benefits under the Mississippi Workers' Compensation Act.

■ Looking to Louisiana law, the remedies available for a "bad faith" refusal to pay workers' compensation benefits are distinctly different from those available under Mississippi law. While Mississippi common law "supplements" the Mississippi Act by providing for the recovery of damages, including punitives, for the bad faith refusal to pay workers' compensation benefits, the remedies available under Louisiana law are purely statutory. Under Louisiana law, "[t]he sole remedy for arbitrary failure to pay workers' compensation benefits is the recovery of penalties and attorneys fees under La.R.S. 23.1201.2." [5] *Bergeron v. North Am. Underwriters, Inc.,* 549 So.2d 315, 315 (La.1989); *Boudoin v. Bradley,* 549 So.2d 1265, 1267 (La.App. 3d Cir. 1989); *Physicians & Surgeons Hosp., Inc. v. Leone,* 399 So.2d 806, 808 (La.App. 3d Cir.1981), *cert. denied,* 401 So.2d 993 (La. 1981). The Court of Appeals for the Fourth Circuit of Louisiana stated it rather succinctly as follows:

> [D]elays in compensation payments and delays in authorization for medical treatment—are the very same actions for which penalties have been stipulated in R.S. 23:1201.2. Even if the delays were deliberate or intentional ... they are still delayed payments under the statute, for which the remedy is prescribed.

*Suarez v. Metro. Erection Co.,* 559 So.2d 29, 31 (La.App. 4th Cir.1990), *cert. denied,* 561 So.2d 117 (La.1990). The limited nature of penalties available under Louisiana law is further indicated by the Eastern District's following determination:

> The court, therefore, finds that the defendants were arbitrary and capricious in terminating the plaintiff's benefits and therefore are responsible for payment of attorneys fees and penalties as a result of their actions.
>
> \* \* \* \* \* \*
>
> Accordingly, there will be judgment in favor of the plaintiff ... against the defendants, Dale Homes, Inc. and Boston Old Colony Insurance Company, ordering that plaintiff's workmen's compensation benefits, at maximum rate, be made current from the date of termination, July 7, 1989 to date of this judgment together with legal interest from date of judicial demand.... Further it is ordered that costs, penalties and attorney's fees be paid by defendants to plaintiff for arbitrary and capricious behavior exhibited herein.

*Shepherd v. Dale Homes, Inc.,* No. 89–5500, slip op. at 12–13, 1990 WL 109282 (E.D.La. July 25, 1990).[6] In summary, Mississippi law provides the plaintiff with the derivative opportunity to recover damages, including punitives, for the defendant's alleged bad faith termination and denial of workers' compensation benefits. The remedies under the Louisiana Workers' Compensation Act are much more restrictive; only statutory penalties and attorneys fees may be recovered.

■ Turning now to the facts of the instant case, it is obvious based on the foregoing authority that this Court is re-

---

**5.** The penalties allowed under the Louisiana Workers' Compensation Act consist of attorneys fees and interest on all amounts owed. L.S.A.–R.S. 23:1201, 23:1201.2.

**6.** The Court also notes that subsequent to the filing of the instant case, the defendant filed an action in the United States District Court for the Eastern District of Louisiana seeking declaratory judgment that the Louisiana Workers' Compensation Act provides the plaintiff's exclusive remedy against the defendant. In *Dale Homes, Inc., v. Shepherd,* No. 91–4626, 1992 WL 161035

(E.D.La. June 23, 1992), the court dismissed the complaint with prejudice based on its determination that "no useful purpose will be served by issuing a declaratory judgment. An additional judgment, reiterating that the laws this Court applied in the prior trial and Judgment continue to apply to the parties, would not be any more useful than the Judgment rendered on July 25, 1990." *Dale Homes, Inc., v. Shepherd,* No. 91–4626, slip op. at 2, 1992 WL 161035 (E.D.La. June 23, 1992).

quired to dismiss any claim which the plaintiff alleges arises pursuant to the Louisiana's Workers' Compensation Act. Besides the plaintiff's claim that the defendant has refused to pay "medical and/or chiropractic bills" incurred since the conclusion of the litigation in Louisiana, the remaining conduct of the defendant at issue herein, was addressed and exclusive statutory penalties awarded in *Shepherd v. Dale Homes, Inc.*, No. 89–5500, 1990 WL 109282 (E.D.La. July 25, 1990). As to the plaintiff's claim for the "medical and/or chiropractic bills," jurisdiction for a determination of whether the plaintiff is entitled to payment for said bills lies not in this Court, but in the Louisiana Office of Workers' Compensation, or the United States District Court for the Eastern District of Louisiana, the court of original jurisdiction where the plaintiff's petition for workers' compensation benefits was filed and judgment rendered. This Court therefore finds that the plaintiff's suit for damages arising out of the conduct of the defendant which has been previously litigated in Louisiana must be dismissed with prejudice. As to the plaintiff's claim for damages for the defendant's alleged bad faith refusal to pay for the "medical and/or chiropractic bills" incurred since the conclusion of the Louisiana litigation, the Court finds that such claim should be dismissed without prejudice in order that the plaintiff might seek relief either from the Louisiana Office of Workers' Compensation or the United States District Court for the Eastern District of Louisiana.

■ Turning now to the plaintiff's claim that the conduct of the defendant is violative of the Mississippi Workers' Compensation Act, nothing before the Court indicates that the plaintiff has initiated an action to determine whether or not the plaintiff is entitled to benefits under the Mississippi Workers' Compensation Act. Therefore, in accordance with the foregoing authority, this portion of the plaintiff's claim must be dismissed without prejudice in order that the plaintiff might seek a determination of

entitlement before the Mississippi Workers' Compensation Commission.

## CONCLUSION

Based on the foregoing,[7] it is clear that under Mississippi law, any opportunity to recover damages for the bad faith termination or denial of workers' compensation benefits is completely derivative of the underlying workers' compensation claim. The only route to the recovery of such damages under Mississippi law is via a determination of entitlement to said benefits in accordance with the Mississippi Workers' Compensation Act. Only after such determination of entitlement has been completed may the aggrieved seek further damages by commencing a bad faith action.

Equally clear is the fact an aggrieved party may not proceed from a determination of entitlement under the Louisiana Workers' Compensation Act to the filing of a bad faith claim under Mississippi law. Looking from a bad faith perspective, the respective compensation acts are two entirely different animals. The Louisiana Act expressly provides an exclusive remedy for arbitrary and capricious behavior. On the other hand, because the Mississippi Act fails to address such behavior, Mississippi common law provides an appropriate remedy. However, as the Court has stated previously, the only route to Mississippi's remedy for a bad faith termination or denial of workers' compensation benefits runs through the Mississippi Workers' Compensation Commission.

Therefore, based on the foregoing authority, the Court finds that the defendants' motion to dismiss for lack of subject matter jurisdiction is not well taken and should be denied. The Court further finds, however, that the plaintiff's claim for damages as a result of conduct in violation of the Mississippi Workers' Compensation Act is dismissed without prejudice so that the plaintiff might establish his entitlement to workers' compensation benefits under Mis-

---

7. The Court's decision that this action should be dismissed makes it unnecessary to address the defendant's alternative motion to transfer this cause to the United States District Court for the Eastern District of Louisiana pursuant to 28 U.S.C. § 1404(a).

sissippi law. Additionally, the Court finds that the plaintiff's suit for damages arising out of the conduct of the defendant which has been previously litigated in Louisiana must be dismissed with prejudice. As to the plaintiff's claim for damages for the defendant's alleged bad faith refusal to pay for the "medical and/or chiropractic bills" incurred since the conclusion of the Louisiana litigation, the Court finds that such claim should be dismissed without prejudice in order that the plaintiff might seek relief either from the Louisiana Office of Workers' Compensation or the United States District Court for the Eastern District of Louisiana.

Counsel for the defendant shall submit an order in conformity with and incorporating by reference the foregoing Memorandum Opinion within ten (10) days of the date of entry hereof dismissing this action in its entirety. Each party shall bear their own costs.