Annie L. BILLINGSLEY, Plaintiff,

v.

UNITED TECHNOLOGIES MOTOR SYSTEMS and The Insurance Company of North America, Defendants.

Civ. A. No. 3:94–cv–352WS.

United States District Court,
S.D. Mississippi,
Jackson Division.

March 3, 1995.

Jonathan Fairbank, Jackson, MS, for plaintiff.

James L. Carroll, Jackson, MS, Alben N. Hopkins, Gulfport, MS, for defendants.

## MEMORANDUM OPINION AND ORDER

WINGATE, District Judge.

■ Before the court are the motions of the defendants, United Technologies Motor Systems and The Insurance Company of North America, to dismiss or for summary judgment, filed pursuant to Rules 12(b)(1) and (6)[1] and 56[2] of the Federal Rules of Civil Procedure. The plaintiff, Annie Billingsley, has sued her employer, United Technologies Motor Systems ("United Technologies") and the employer's workers' compensation carrier, The Insurance Company of North America ("ICNA"), for bad faith refusal to pay workers' compensation benefits. Filed by plaintiff in the Circuit for the First Judicial District of Hinds County, Mississippi, on June 14, 1994, defendants removed this case to this court on June 14, 1994, pursuant to 28 U.S.C. § 1441(a).[3] On June 20, 1994,

---

1. Rule 12(b)(1) and (6) of the Federal Rules of Civil Procedure provides:

 (b) **How Presented.** Every defense, in law or fact, to a claim for relief in any pleading, whether a claim, counterclaim, cross-claim, or third party claim, shall be asserted in the responsive pleading thereto if one is required, except that the following defenses may at the option of the pleader be made by motion:
 (1) lack of jurisdiction over the subject matter, . . .
 (6) failure to state a claim upon which relief can be granted, . . .

2. Rule 56(b) of the Federal Rules of Civil Procedure provides:

 (b) For Defending Party. A party against whom a claim, counterclaim or cross-claim is asserted or a declaratory judgment is sought may, at any time, move with or without supporting affidavits for a summary judgment in the party's favor as to all or any part thereof.

3. Title 28 U.S.C. § 1441(a) provides:

 Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending. For pur-

defendants filed the instant motions and the plaintiff has responded. This court's jurisdiction is predicated on diversity of citizenship pursuant to Title 28 U.S.C. § 1332.[4] According to the defendants, the plaintiff has not exhausted her administrative remedies and may not bring a tort action for bad faith until such time as exhaustion has been obtained. Plaintiff opposes defendants' motions on various grounds. The plaintiff contends that her entitlement to workers' compensation benefits is clear and that the defendants have conceded that she is entitled to certain payments, notwithstanding the matters on appeal; hence, payment on the matters conceded should be paid immediately. The defendants respond that the entire matter is still in the administrative process and that no tort claim can be brought until that process is completed. Moreover, defendants contend, all matters are contested while the matter is on administrative appeal. Since there is no dispute that plaintiff's workers' compensation claim against defendants is yet being reviewed under Mississippi's administrative/judicial procedure, this court is persuaded by *Kitchens v. Liberty Mutual Insurance Company*, 659 F.Supp. 467 (S.D.Miss. 1987), and its progeny to dismiss this action without prejudice.

## FACTS

On November 24, 1992, the defendants filed a Notice of Controversion[5] with the Mississippi Workers' Compensation Commission (hereinafter the "Commission"). On December 11, 1992, the plaintiff filed a Petition to Controvert, alleging bilateral carpel tunnel syndrome as a work-related injury. Following discovery, on January 27, 1994, a hearing was held on plaintiff's workers' compensation claim before an Administrative Law Judge ("ALJ"). On April 5, 1994, the ALJ found that the plaintiff's carpel tunnel syndrome was compensable and ordered the defendants to pay permanent partial disability benefits to the plaintiff. The defendants appealed the ALJ's order to the Full Commission. While defendants' appeal was pending before the Commission, the plaintiff, on May 18, 1994, filed the instant lawsuit, alleging that the defendants are liable to her for bad faith refusal to pay her workers' compensation benefits. On June 20, 1994, defendants filed their motions to dismiss and for summary judgment. Briefing on the motions was completed by July 22, 1994. Advised by the parties that a decision was imminent from the Commission, this court reserved any ruling on the motions and held the matter in abeyance awaiting the Commission's decision. On November 22, 1994, the Commission rendered its decision, essentially upholding the ALJ's ruling. Thereafter, pursuant to Miss. Code Ann. § 71-3-51 (1972),[6] the defendants appealed the Full Commission Order to the state circuit court. There, the matter awaits completion of the transcript before being forwarded. Of course, pursuant to Miss.Code Ann. § 71-3-51,[7] the matter could be appeal-

---

poses of removal under this chapter, the citizenship of defendants sued under fictitious names shall be disregarded.

4. Title 28 U.S.C. § 1332 provides in pertinent part:

(a) The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $50,000, exclusive of interest and costs, and is between—
(1) citizens of different States; ...

5. Procedural Rule 2 of the Mississippi Workers' Compensation Commission provides:

PROCEDURE TO CONTROVERT. A cause will be controverted by the employee by filing with the Mississippi Workmen's Compensation Commission a properly executed Workmen's Compensation Form B–5, 11. In the event an employer desires to controvert a cause he shall file with the Commission a Commission Form B–3 along with all medical reports in reference to the cause. In addition thereto, he shall file attached thereto a concise statement giving the reasons why the matter is controverted.

This Rule shall be in force and effect on and after November 1, 1960.

6. Mississippi Code Annotated § 71-3-51 provides in pertinent part:

The final award of the commission shall be conclusive and binding unless either party to the controversy shall, within thirty (30) days from the date of its filing in the office of the commission and notification to the parties, appeal therefrom to the circuit court of the county in which the injury occurred.

7. Mississippi Code Annotated § 71-3-51 provides that, "appeals may be taken from the circuit court to the supreme court...."

ed from the circuit court on to the Mississippi Supreme Court.

### LEGAL ANALYSIS

 Under Mississippi law, an employee may bring a tortious breach of contract action against the compensation carrier for bad faith refusal to provide benefits. *McCain v. Northwestern National Insurance Company,* 484 So.2d 1001 (Miss.1986); *State Farm Fire & Casualty Co. v. Simpson,* 477 So.2d 242 (Miss.1985). However, a "prerequisite to the award of punitive damages [under such an action] is the determination that the plaintiff is entitled to contractual damages." *McCain,* 484 So.2d at 1002, citing *Simpson,* 477 So.2d at 242.

Mississippi has not yet ruled on the precise fact situation before this court, so this federal court is obliged to take an "Erie-guess" as to how the courts of Mississippi would rule on the matter were they confronted with such. *Rogers v. Corrosion Products, Inc.,* 42 F.3d 292, 295 (5th Cir.1995), citing *Labiche v. Legal Sec. Life Ins. Co.,* 31 F.3d 350, 352 (5th Cir.1994); and *Transcontinental Gas Pipe Line Corp. v. Transportation Insurance Co.,* 953 F.2d 985, 988 (5th Cir.1992) (holding that when there is no ruling by the state's highest court, it is the duty of the federal court to determine as best it can what the highest court of the state would decide).

This court is persuaded that the applicable principles of Mississippi law, as determined by federal case precedent, would not permit the instant case to proceed unless administrative exhaustion had been obtained. *See Dial v. Hartford Accident & Indemnity Company,* 863 F.2d 15 (5th Cir.1989); *Powers v. Travelers Insurance Company,* 664 F.Supp. 252 (S.D.Miss.1987) (Barbour, J.); *Kitchens v. Liberty Mutual Insurance Company,* 659 F.Supp. 467 (S.D.Miss.1987) (Gex, J.). In *Kitchens* the plaintiff had succeeded in her claim for benefits before an administrative law judge and that decision had been affirmed by the Commission. The plaintiff filed a tort claim for bad faith which was removed to federal court and the carrier moved for summary judgment on exhaustion grounds. At the time the federal court considered the carrier's motion for summary judgment, an appeal of the Commission's decision was pending before a state circuit court. The *Kitchens* Court found that under Mississippi law, the resolution of a bad faith tort claim is totally dependent on the validity of the underlying workers' compensation claim, citing *McCain v. Northwestern National Insurance Company, supra.* The federal district court thus held that the Mississippi Supreme Court would require an exhaustion of administrative remedies where the plaintiff had initiated such proceedings prior to filing a bad faith tort action.

This court must consider the propriety of exercising jurisdiction at this time over the plaintiff's bad faith claim. Mississippi case law says that, "[a] claim of entitlement to workers' compensation benefits is a matter within the exclusive original jurisdiction of the Mississippi Workers' Compensation Commission." *Day–Brite Lighting Division, Emerson Electric Co. v. Cummings,* 419 So.2d 211, 213 (Miss.1982), citing Miss.Code Ann. § 71–3–47. Thus, if this court decided the bad faith issue now, it would be presuming that the plaintiff was entitled to all benefits claimed and this could lead to results inconsistent with either the Commission's eventual findings or the findings of the reviewing state courts. *Dial,* at 16, citing *Kitchens,* at 469–70. *See Powers v. Travelers Insurance Co.,* holding that because of the exclusive jurisdiction of the Commission to determine the right to compensation, Miss. Code Ann. § 71–3–47, and because the Mississippi Supreme Court has stated that the establishment of the right to compensation is a prerequisite to a claim for punitive damages in *McCain v. Northwestern National Insurance Co.,* 484 So.2d 1001, 1002 (Miss. 1986), it thus was not the intent of the Mississippi court that bad faith actions become a device to deprive the Commission of its jurisdiction over these matters. Accordingly, the *Powers* Court held that the action could not proceed until the administrative remedies were exhausted.

In *Dial v. Hartford Accident & Indemnity Company* previously cited, the plaintiff brought an action for tortious breach of contract against the workers' compensation carrier of the plaintiff's employer for failure to

pay compensation on one of the plaintiff's several claims. The district court dismissed the plaintiff's complaint without prejudice because the plaintiff's petition to the Mississippi Workers' Compensation Commission was still pending. The district court noted that the Commission had exclusive jurisdiction over the underlying contact claim. The United States Court of Appeals for the Fifth Circuit agreed, stating that the plaintiff's claim of entitlement to workers' compensation was a matter within the exclusive jurisdiction of the Mississippi Workers' Compensation Commission and, until the Commission ruled on the plaintiff's petition, the matter of tort damages, if any, could not be determined. *Dial,* 863 F.2d at 16.

There is no argument made by the plaintiff which offers serious challenge to the above cited precedent on the matter. Hence, inasmuch as this case is still climbing through the state administrative/judicial procedures where possibly any or all of the prior determinations by the ALJ or Commission could be overturned or modified, this case shall be dismissed without prejudice.

**SO ORDERED AND ADJUDGED.**