**UNITED STATES COURT OF APPEALS**
**FIFTH CIRCUIT**

_____

No. 02-20111
(Summary Calendar)

_____

ROBERT HEDRICK, Etc.; ET AL.,

Plaintiffs,

ROBERT HEDRICK,
on behalf of Donna G. Adams,

Plaintiff-Appellant,

versus

TEXAS WORKERS COMPENSATION COMMISSION;
KATHLEEN DECKER; LIBERTY MUTUAL INSURANCE
COMPANY; TOMMY L. SMITH; LOUIS V. GERSTNER, Chief
Executive Officer IBM; INTERNATIONAL BUSINESS
MACHINES; MICHAEL CLARK,

Defendants-Appellees.

Appeal from the United States District Court
For the Southern District of Texas
USDC No. H-01-CV-3416

November 22, 2002

Before DAVIS, WIENER, and EMILIO M. GARZA, Circuit Judges.

PER CURIAM:[*]

Robert Hedrick and Donna Adams appeal the district court's dismissal of this suit for lack of subject matter jurisdiction. Hedrick brought suit on behalf of Adams, his wife, while her workers' compensation claims were still pending before the Texas Workers' Compensation Commission ("TWCC"). On appeal, Hedrick and Adams specifically abandon at least two of their claims, and fail to provide argument concerning several others. The only issues argued on appeal are the alleged deprivation of due process in the state workers' compensation proceedings, Hedrick's standing to bring suit on behalf of Adams, and the district court's denial of Hedrick and Adams' motions for default judgment against certain of the defendants. Any remaining arguments are therefore waived. *Lott v. Hargett*, 80 F.3d 161, 166 (5th Cir. 1996) ("'Although we liberally construe the briefs of pro se appellants, we also require that arguments must be briefed to be preserved.'") (quoting *Price v. Digital Equip. Corp.*, 846 F.2d 1026, 1028 (5th Cir. 1988)).

Hedrick and Adams argue that the district court erred in dismissing this suit for lack of subject matter jurisdiction because they are raising constitutional challenges to the state workers' compensation proceedings. We review this issue de novo. *Home Builders Ass'n v. City of Madison, Miss.*, 143 F.3d 1006, 1010 (5th Cir. 1998).

The district court did not err in construing this suit as arising out of the workers' compensation proceeding. *United States v. Santora*, 711 F.2d 41, 42 n.1 (5th Cir. 1983) (noting that, when reviewing the merits of pro se claims, "the essence of the pleading controls" and "review . . . is not circumscribed by the label attached"). Under Texas' statutory scheme for resolving workers'

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

compensation claims, a party may not seek judicial review until all administrative remedies have been exhausted and the TWCC's appeals panel has issued a final decision. TEX. LAB. CODE § 410.251 (Vernon 1996); *see also Dial v. Hartford Accident & Indem. Co.*, 863 F.2d 15, 16 (5th Cir. 1989) ("It is . . . apparent that a plaintiff asserting the tortious breach of a workers' compensation policy is procedurally required to exhaust available administrative remedies."). Moreover, the due process claims are insufficient to create jurisdiction. *See Rathjen v. Litchfield*, 878 F.2d 836, 840 (5th Cir. 1989) ("[N]o denial of procedural due process occurs where a person has failed to utilize the state procedures available to him."); *Galloway v. Louisiana*, 817 F.2d 1154, 1158 (5th Cir. 1987) ("An employee cannot ignore the process duly extended to him and later complain that he was not accorded due process."). Because Hedrick filed suit on behalf of Adams before she had exhausted her administrative remedies as required by statute, the district court correctly concluded that it lacked jurisdiction.

Because there is no subject matter jurisdiction over this suit, there is no need to consider the remaining issues raised on appeal. The judgment of the district court is AFFIRMED.

Hedrick and Adams have also filed several motions in this Court. Because we lack jurisdiction, any outstanding motions are DENIED.